Clay Clee BALDWIN, Appellant,

v.

STATE of Texas, Appellee.

No. B14–82–799CR.

Court of Appeals of Texas, Houston (14th Dist.).

Jan. 19, 1984.

Rehearing Denied Feb. 9, 1984.

Lewis Dickson, Houston, for appellant.

Latham Boone, III, Anderson, for appellee.

Before PAUL PRESSLER, ROBERTSON and ELLIS, JJ.

OPINION

ROBERTSON, Justice.

The conviction is for possession of marijuana; the jury rejected appellant's not guilty plea and assessed punishment at confinement for 5 years and a fine of $2,500. At issue in this appeal is the question concerning effective assistance of trial counsel. We reverse and remand.

We have previously expressed our concern over the difficulty in realistically addressing the issue of effective assistance of counsel on direct appeal from an inadequate record. *Dunn v. State*, 650 S.W.2d 139 (Tex.App.—Houston [14th Dist.] 1983, no pet.). However, in this case, present counsel filed a motion for new trial alleging ineffective assistance of trial counsel and at the hearing thereon, W. Jay Dedrick III, the attorney who represented appellant at trial, testified. From this testimony we learn that Dedrick graduated from law school in May, 1982, and this trial occurred on November 11, 1982. Prior to this trial he "had tried possibly somewhere between six, seven or eight Municipal Court cases," but had not tried any other criminal cases. He was "associated with" some attorneys in the practice of law in Houston, two of whom were Raymond Rutherford and David Sprecker. Appellant had initially hired Raymond Rutherford to represent him on the charge, but Rutherford was convicted of a crime and, when he was

disbarred, David Sprecker took over as appellant's attorney. Since appellant had not paid all the fee contracted for, there was some disagreement between him and Sprecker and the file was given to Dedrick "about the middle of the week" prior to jury selection on Monday and trial on the Thursday following. His account of the circumstances under which he got the case were:

> [H]e (Sprecker) said since one of the attorneys was in a car accident, another attorney he works with has cancer at the age of 32 and was out. I don't remember—Bobby Moseley was shot, he was shot outside the Family Law Center in Houston, he said he was so undermanned that try it, it's far away from Houston and give it your best shot and the evidence is pretty incriminating and probably give him probation because it's a victimless crime, possession of marijuana.

On Friday after receiving the file, Dedrick travelled to Grimes County and conferred with the district attorney. From the record it appears this conference was very informal and about the only requests Dedrick made of the prosecutor were to review the offense reports and to have a copy of the affidavit for search warrant and the search warrant. Both requests were granted. While other matters were developed at the hearing on motion for new trial, we believe this provides a sufficient basis for discussion of what we conclude to be ineffective assistance of counsel.

In his first eleven grounds of error, appellant catalogues numerous supposed defects his trial counsel made in handling his case, including (1) grossly inadequate preparation for trial on both legal and factual issues, (2) in asking the jury panel on voir dire "How many of you all have friends that smoke marijuana occasionally? I do," (3) failure to raise issue of validity of search, (4) not only permitting but participating in eliciting of inadmissible, incriminating and overwhelmingly prejudicial hearsay, (5) permitting, without objection, the prosecutor to elicit testimony concerning extraneous matters, (6) failure to object to speculation by a police officer witness that a list of names found in appellant's room was possibly a hit list, (7) permitting cross-examination of appellant as to whether he was a Christian or a "devil worshiper", (8) conduct of trial counsel, in presence of the jury, in moving for reduction of the charge from a felony to a misdemeanor, (9) permitting the state to prove details of a prior misdemeanor assault conviction, (10) failure to object to the court's charge on punishment so that the jury would know they could grant probation as to confinement but still impose a fine, and (11) failure to have the court reporter record the final arguments.

As we previously said in *Dunn, supra,* at 141:

> The standard for testing the adequacy of the representation afforded to an accused is that there be reasonably effective assistance of counsel. *Ex parte Duffy,* 607 S.W.2d 507 (Tex.Cr.App.1980). Effective assistance of counsel does not mean errorless counsel, nor counsel judged ineffective by hindsight, but it does mean counsel reasonably likely to render and rendering reasonably effective assistance. *Ex parte Gallegos,* 511 S.W.2d 510 (Tex.Cr.App.1974). The Texas Court of Criminal Appeals has formulated reasonable and flexible rules to guide us in the application of the reasonably effective assistance of counsel standard:
>
> 1. The sufficiency of an attorney's assistance must be gauged by the totality of the representation of the accused. *Ewing v. State,* 549 S.W.2d 392, 395 (Tex.Cr.App.1977).
>
> 2. Assertions of ineffective counsel shall be sustained only if they are affirmatively founded. *Id.*
>
> 3. The appellate court will not second guess the strategy adopted by counsel at trial through appellate hindsight. *Id.*

With these guidelines in mind and in reviewing the total record, as required by *Ex parte Prior,* 540 S.W.2d 723 (Tex.Cr.

App.1976), we are convinced that only one of the "defects" pointed out by appellant rises to the level of conduct so inconsistent with effective representation by counsel that relief is justified.

As a background for assessing the actions of trial counsel in this case, it is important to note that appellant was arrested outside a motel room and a search warrant was then executed and from his room and automobile some 5.06 ounces of marijuana were recovered. In his defense, appellant testified that he did not have any marijuana; that several of his friends had come by the motel that afternoon and visited, as he was leaving the state the following day; that some of them had purchased from him some "some good luck charms," "incense" tea and "success oil" which he had for sale, and that if the officers found any marijuana in the room he guessed "somebody must have put it there." In arguing that appellant was denied effective assistance of counsel "by the conduct of his trial attorney in not only permitting, but participating in the eliciting of inadmissible, incriminating and overwhelmingly prejudicial hearsay evidence," present counsel directs us to the record where the following is shown:

(1) before the jury, and without objection, the prosecutor proved that the law enforcement officers had received information that there was marijuana in Room 146 at the motel, that appellant was in charge of the room, and that the officers set up surveillance for several hours during which time they observed "several people enter and exit the room carrying paper bags, brown paper bags;"

(2) appellant's trial attorney, in cross-examining the officer, proved not only that the informant (for the affidavit for the warrant) had been in the room when a sale of marijuana was made by appellant, but that later in the evening and after the arrest of appellant had been made, the officers arrested another person in possession of marijuana "in a brown paper bag" and "a voluntary statement was obtained from him and in the voluntary statement he did state that he bought the marijuana from Clay Clee Baldwin at the Best Western Motel."

We do not have to second guess the strategy adopted by counsel at trial through appellate hindsight because there simply could not be any plausible strategy for such conduct. We cannot say that by adducing through the police officer such hearsay evidence which bolstered to such a degree the state's case and directly contradicted the testimony of appellant it can be said that appellant was afforded reasonably effective assistance of counsel. We therefore hold he was not.

The judgment is reversed and remanded for new trial.