**Bobby Dwaine FAMBRO, Appellant,**

v.

**STATE of Texas, Appellee.**

**No. 11–87–257–CR.**

Court of Appeals of Texas, Eastland.

June 23, 1988.

Ernest Bart McDougal, Stephenville, for appellant.

Andy McMullen, Dist. Atty., Hamilton, for appellee.

## OPINION

DICKENSON, Justice.

The jury convicted Bobby Dwaine Fambro of a second degree felony, burglary of a building.[1] Appellant pleaded "true" to the enhancement allegation,[2] and the jury assessed his punishment at confinement for 12 years.[3] We affirm.

Appellant presents two points of error, arguing that the trial court erred: (1) in failing to instruct a verdict of not guilty because the evidence was insufficient to prove his guilt beyond a reasonable doubt; and (2) in charging the jury regarding parole laws over timely objection.

In reviewing the sufficiency of the evidence, an appellate court must look at the evidence in the light most favorable to the jury's verdict in deciding whether a rational jury could have found the essential elements of the crime beyond a reasonable doubt. *See Houston v. State*, 663 S.W.2d 455 at 456 (Tex.Cr.App.1984). The jury is empowered to resolve disputed facts, and it is free to believe or reject the testimony of any witness on matters which are in dispute.

Appellant was in possession of recently stolen property [pipe wrenches, hammers,

---

1. TEX.PENAL CODE ANN. sec. 30.02 (Vernon 1974) defines the offense and declares it to be a felony of the second degree.

2. The allegation and proof of one prior felony conviction enhances the punishment to that which is authorized for a felony of the first degree. TEX.PENAL CODE ANN. sec. 12.42(b) (Vernon 1974).

3. TEX.PENAL CODE ANN. sec. 12.32 (Vernon Supp.1988) declares that the penalty for a felony of the first degree shall be confinement for life or for any term of not less than 5 years nor more than 99 years. An optional fine of not more than $10,000 is also authorized in addition to imprisonment.

saws, drills, supplies, gauges, an electric heater, and a new butane heater] at the time of his arrest, and the jury was not required to accept his claim that he had bought all of this property [for $100] at a cock fight shortly before his arrest. Appellant was wearing tennis shoes at the time of his arrest which had made distinctive shoe prints in and around the burglarized building. Appellant and his brother also had possession of a trailer which had been stolen minutes before their arrest, and the proof shows that they drove away with the trailer at a high rate of speed when the owners of the trailer turned on their outside lights. Again, the jury was free to reject appellant's claim that he had bought this trailer [for $300] from a man at the cock fight. The receipt which appellant attempted to use to support his claim was dated November 15, 1986, and the trailer was stolen on January 21, 1987. Moreover, appellant's explanation of his possession of the recently stolen trailer and of the recently burglarized items was not the same as the explanation which he gave at the time of his arrest. The first point of error is overruled.

■ This case was tried shortly before the Court of Criminal Appeals announced its original decision in *Rose v. State*, 752 S.W.2d 529 on November 12, 1987. [The motions for rehearing were subsequently overruled on June 15, 1988.] Understandably, the trial court complied with the legislative mandate by instructing the jury that:

Under the law applicable in this case, the defendant, if sentenced to a term of imprisonment, may earn time off the sentence imposed through the award of good conduct time. Prison authorities may award good conduct time to a prisoner who exhibits good behavior, diligence in carrying out prison work assignments, and attempts at rehabilitation. If a prisoner engages in misconduct, prison authorities may also take away all or part of any good conduct time earned by the prisoner.

It is also possible that the length of time for which the defendant will be imprisoned might be reduced by the award of parole.

Under the law applicable in this case, if the defendant is sentenced to a term of imprisonment, he will not become eligible for parole until the actual time served plus any good conduct time earned equals one-third of the sentence imposed or 20 years, whichever is less. Eligibility for parole does not guarantee that parole will be granted.

It cannot accurately be predicted how the parole law and good conduct time might be applied to this defendant if he is sentenced to a term of imprisonment, because the application of these laws will depend on decisions made by prison and parole authorities.

You may consider the existence of the parole law and good conduct time. However, *you are not to consider the extent to which good conduct time may be awarded to or forfeited by this particular defendant. You are not to consider the manner in which the parole laws may be applied to this particular defendant.* (Emphasis added)

The five opinions delivered on June 15, 1988, by the Court of Criminal Appeals [on the Court's own motion for rehearing] in *Rose v. State, supra,* clearly show that a majority of the judges on the Court have agreed that TEX.CODE CRIM.PRO.ANN. art. 37.07, sec. 4 (Vernon Supp.1988) is unconstitutional, that this statute was void from its inception, and that the error will be reviewed whether a timely and appropriate objection was made or not. A majority of that Court has now agreed that *Almanza v. State,* 686 S.W.2d 157 (Tex.Cr.App. 1985), is not applicable and that the error is to be reviewed under TEX.R.APP.P. 81(b)(2) to decide whether the conviction is to be reversed ["unless the appellate court determines beyond a reasonable doubt that the error made no contribution to the conviction or to the punishment"] or affirmed if the error is harmless.[4]

4. TEX.CODE CRIM.PRO.ANN. art. 44.29(b) (Vernon Supp.1988) now provides that when an

appellate court awards a new trial on the basis of an error in the punishment stage of trial, the

We note that the conviction in *Rose v. State, supra,* was affirmed after the Court of Criminal Appeals analyzed the facts of that case and concluded that "the statutory parole instruction did not affect appellant's sentence." In like manner we have analyzed the facts of this case, also considering the presumption that the jury followed the trial court's instruction "not to consider the manner in which the parole laws may be applied to this particular defendant," and we note the following. The jury not only rejected appellant's sworn testimony during trial [obviously believing that he had lied under oath], but they were also aware of his prior convictions for burglary of a building and felony driving while intoxicated. The maximum punishment could have been life or 99 years, and the State argued for a 35–year sentence. The jury also knew that appellant made his living in the unlawful occupation of cock fighting and that his reputation for being a peaceful and law-abiding citizen is bad. We have concluded that the parole instruction made no contribution to the 12–year punishment which was assessed by the jury. Consequently, we hold that the error was "harmless error" under Rule 81(b)(2), supra, and *Rose v. State, supra.* The second point of error is overruled.

The judgment of the trial court is affirmed.

new trial shall commence with the punishment stage of trial.