Donald Eugene GILLIAM, Appellant,

v.

The STATE of Texas, Appellee.

No. 01–85–01035–CR.

Court of Appeals of Texas,
Houston (1st Dist.).

March 1, 1989.

William W. Burge, Houston, for appellant.

John B. Holmes, William J. Delmore III, Alice Brown, Houston, for appellee.

Before SAM BASS, COHEN and MIRABAL, JJ.

## OPINION ON REMAND

SAM BASS, Justice.

The appellant was found guilty by a jury of aggravated sexual assault with punishment assessed at 65 years. This Court affirmed the appellant's conviction. Appellant filed a petition for discretionary review. The Texas Court of Criminal Appeals granted the petition and has remanded with instructions to conduct a harmless error analysis based on an erroneous jury instruction, pursuant to *Rose v. State*, 752 S.W.2d 529 (Tex.Crim.App.1988) (op. on reh'g) (hereinafter *Rose II*) and Tex.R.App. P. 81(b)(2).

We affirm.

The trial court submitted an instruction on the existence of the parole law pursuant to Tex.Code Crim.P.Ann. art. 37.07 (Vernon Supp.1989). Article 37.07 is unconstitutional. *Rose v. State*, 752 S.W.2d 529. Reversal is required unless the appellate court determines, beyond a reasonable doubt, that this error made no contribution to the punishment assessed. Tex.R.App.P. 81(b)(2). In concluding that the defendant suffered no harm because of the parole instruction, the *Rose II* opinion considered: (1) the curative instruction given by the trial court; (2) the "facts of the offense [that] militate in favor of a harsh sentence"; and (3) the appellant's prior criminal record. *Rose*, 752 S.W.2d at 554–55.

There was no mention by either counsel during the voir dire about parole and its effect on the range of punishment. A portion of the statutory charge as to parole, read as follows:

Under the law applicable in this case, if the defendant is sentenced to a term of imprisonment, he will not become eligible for parole until the actual time served equals one-third of the sentence imposed or twenty years, whichever is less, without consideration of any good conduct time he may earn. If the defendant is sentenced to a term of less than six years, he must serve at least two years before he is eligible for parole. Eligibility for parole does not guarantee that parole will be granted.

It cannot accurately be predicted how the parole law and good conduct time might be applied to this defendant if he is sentenced to a term of imprisonment, because the application of these laws will depend on decisions made by prison and parole authorities.

You may consider the existence of the parole law and good conduct time. However, you are not to consider the extent to which good conduct time may be awarded to or forfeited by this particular defendant. *You are not to consider the manner in which the parole law may be applied to this particular defendant.* (Emphasis added.)

The last sentence of the charge appears to provide a potential mitigating factor. We presume that the jury followed the trial court's instruction not to consider the manner in which the parole law may be applied to this particular defendant. *Baker v. State*, 752 S.W.2d 237, 239 (Tex.App.—Fort Worth 1988, pet. ref'd); *Fambro v. State*, 751 S.W.2d 956, 958 (Tex.App.—Eastland 1988, pet. ref'd). The trial court did not give an additional curative instruction in its jury charge as in *Rose II*. Appellant's counsel represented that he had no objection to the charge. In fact, during closing argument at the punishment stage, defense counsel made specific examples of how parole calculation could affect *this* defendant:

DEFENSE COUNSEL: Somewhere though, within that range of punishment you have to decide what is the proper amount of years to serve. This is an aggravated offense and you know, the

Court tells you that this man must do at least one-third of the time day for day.

PROSECUTOR: I'm going to object, your Honor to that as a misstatement of the law.

THE COURT: Members of the jury, you will be governed by the law as it is contained in the Court's charge. That is overruled.

DEFENSE COUNSEL: Thank you. If you think I am misstating anything, you read it in here. It says one-third of the time day for day or two years, whichever is greater. That's the Statute. That's the law and obviously you don't need to be mathematicians and I am not trying to insult your intelligence for saying that *this* man, were he to get 12 years, he does four of them or one-third of the time.

The prosecutor did not mention parole in her argument. She asked the jury to assess 60 years, because that is what she felt the defendant earned. The jury assessed punishment at 65 years.

The complainant, a 20–year–old college student, was sleeping at a friend's apartment. She awoke to find the appellant standing by the bed, switching the TV on and off. The appellant was wearing his underwear, and was brandishing a knife. After verbally indicating that he desired sexual intercourse, the appellant forcibly engaged in intercourse while holding a knife between his teeth. The facts of this case are certainly as reprehensible as those considered in the *Rose* case. *Compare Pope v. State,* 756 S.W.2d 401 (Tex.App.— Dallas 1988, no pet.).

It was shown, at the punishment stage, that the appellant was sentenced to three years in 1979 for burglary of a vehicle, and that in 1983, appellant was sentenced to one year in county jail for misdemeanor theft. Appellant's record contains no prior convictions for crimes of violence. Here, there was an unconstitutional jury charge, and jury argument by appellant emphasizing the unconstitutional portion of the charge. *See Austin v. State,* 748 S.W.2d 546, 548 (Tex.App.—Beaumont 1988, pet. ref'd); *Olivarez v. State,* 756 S.W.2d 113 (Tex.App.—San Antonio 1988, no pet.). Appellant not only did not object to the parole charge, *he* argued it as a fact in his favor to show the jury that a prison sentence meant a flat ⅓ real time incarceration for him. Moreover, he made this argument over the *State's* objection. The record thus reflects that inclusion of the unconstitutional parole charge was viewed at trial by both sides as favorable to the appellant and harmful to the State. Furthermore, the jury, having been informed that any time over 60 years was irrelevant to parole eligibility nevertheless assessed a 65–year term, five more years requested. The parole charge did not harm appellant. Under these facts, it was apparently part of his trial strategy to have the jury receive this charge.

This is exactly the situation we envisioned in *Gabriel v. State,* 756 S.W.2d 68 (Tex.App.—Houston [1st Dist.] 1988, no pet.), to show why in these cases it would be desirable to simply affirm on the basis of waiver when the defendant fails to object to the parole charge. *Id.* at 71.

We conclude that the error was harmless, and appellant's sole point of error is overruled.

The judgment is affirmed.