**Charles Edward PERKINS, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 01–88–00258–CR.**

Court of Appeals of Texas, Houston (1st Dist.).

May 4, 1989.

Rehearing Denied June 1, 1989.

Mark A. Goldberg, Houston, for appellant.

John B. Holmes, Dist. Atty., Jeannine Southwick, David Pendleton, Asst. Dist. Attys., Harris County, Houston, for appellee.

Before WARREN, DUNN and HUGHES, JJ.

## OPINION

WARREN, Justice.

A jury convicted appellant of driving while intoxicated. The court assessed punishment at 180 days confinement, probated for two years.

On November 7, 1987, at about 3:30 a.m., Officer Gerald Rimmer, of the Houston Airport Police Department, was driving down Almeda–Genoa Road on his way from Hobby Airport to Ellington Field, when he observed appellant's car speeding, and then sliding through a red-light at an intersection. He stopped the vehicle and began to investigate. After talking to appellant for a few minutes and administering some field tests, he determined that appellant was intoxicated. At that time, Rimmer called the Houston Police Department for backup assistance. Appellant was then placed under arrest and charged with driving while intoxicated.

In his sole point of error, appellant complains that he received ineffective assistance of counsel because his trial counsel did not object to the unlawful arrest of appellant. Specifically, he argues that the arrest was unlawful because the arresting officer was outside his geographical jurisdiction, the airport, at the time of the stop.

The standard of review for effectiveness of counsel is gauged by the totality of the representation of the accused. *Ex parte Duffy*, 607 S.W.2d 507, 516 (Tex.Crim.App. 1980). The constitutional right to counsel does not mean errorless counsel or counsel whose competency is judged by hindsight. *Ex parte Cruz*, 739 S.W.2d 53, 57–58 (Tex. Crim.App.1987). To reverse a conviction on an ineffective assistance of counsel claim, appellant must show that: (1) counsel's performance was deficient; and (2) the deficient performance prejudiced the defense, i.e. but for the unprofessional errors, the result of the proceeding would have been different. *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

Texas Revised Civil Statute Ann. art. 46d–7(b) (Vernon Supp.1989) provides in pertinent part:

[T]he municipality, may, by ordinance or resolution, as may by law be appropriate, appoint airport guards or police, with full police powers, and fix penalties, resolutions, rules, regulations, and orders.

Texas Revised Civil Statute Ann. art. 46g(d) (Vernon Supp.1989) provides:

Any peace officer commissioned under this Act shall be vested with all the rights, privileges, obligations, and duties of any other peace officer in this state while he is on the property under the control of the airport, or in the actual course and scope of his employment.

Article 14.01 of the Texas Code of Criminal Procedure Ann. (Vernon 1977) provides:

(a) A peace officer or any other person, may without a warrant, arrest an offender when the offense is committed in his presence or within his view, if the offense is one classed as a felony or as an offense against the public peace.

(b) A peace officer may arrest an offender without a warrant for any offense committed in his presence or within his view.

Appellant cites two Texas Court of Criminal Appeals cases to support his contention that Officer Rimmer was without authority to make the arrest while off property under the control of the airport. *Preston v. State*, 700 S.W.2d 227 (Tex. Crim.App.1985), and *Angel v. State*, 740 S.W.2d 727 (Tex.Crim.App.1987), held that specially created peace officers have limited geographical jurisdiction, which is prescribed by statute, and when outside that geographical area, they do not have the authority to arrest. In *Preston v. State*, 700 S.W.2d at 230, the court held that a campus police officer had authority to act only "while on the property under the control and jurisdiction of the institution of higher learning [which employed him] or otherwise in the performance of his duties." In *Angel*, the court reaffirmed their holding in *Preston*, but held that municipal police officers have countywide jurisdiction similar to city marshalls, and can make arrests outside city limits.

The City of Houston is authorized by statute to appoint airport guards or police

with full police powers. Tex.Rev. Civil Stat.Ann. art. 46d–7(b). Pursuant to art. 46g(d), the airport police *are* vested with the duties of any other peace officer in this state while they are on the property under the control of the airport, **or in the actual course and scope of their employment.** (Emphasis ours.) Rimmer testified that he is a patrol officer at Hobby Airport, but that his duties also include patrolling Ellington Field. The evidence is undisputed that Officer Rimmer stopped appellant for speeding and running a red light on Almeda–Genoa Road, a location between Hobby Airport and Ellington Field. He was en route from Hobby Airport to Ellington Field, in the course and scope of his employment, when he stopped appellant.

We are of the opinion that our case is controlled by *Preston v. State.* In *Preston,* the complainant, a campus peace officer for Lamar University, was assaulted while off the Lamar University campus, but while performing his duties as a campus peace officer. The officer had arrested two individuals suspected of committing an on-campus burglary, had handcuffed them, and had placed them in the backseat of a patrol car, which was parked on a Beaumont Street, not on the Lamar campus. The officer saw that Preston's car was blocking traffic and ordered him to move it. When Preston refused, the officer attempted to arrest him. Preston resisted the arrest by spraying the officer with mace. The court reversed Preston's conviction holding that the campus officer, as a peace officer, was limited to the geographical limits of Lamar University.

The statute defining a campus peace officer's authority is similar to art. 46d–7(b). Sec. 51.203 of the Texas Education Code, in pertinent part, reads as follows:

> Any officer commissioned under this section is vested with all the powers, privileges, and immunities of peace officers while on the property under the control and jurisdiction of the institution of higher education, or otherwise in the performance of his duties. . . .

The only difference in the grants of power to an officer in the two statutes is that art. 46d–7(b) reads "or in the actual course and scope of his employment," while section 51.203 reads "or otherwise in the performance of his duties." We consider the difference to be rhetorical rather than significant. In *Preston,* the court held that the officer's attempt to unblock off-campus traffic was not "in the performance of his duties," as a campus policeman. Likewise, in our case, the officer's stop of appellant, a traffic violator, on Almeda–Genoa Road was not "in the actual course and scope of his employment," as a peace officer at Hobby Airport or Ellington Field.

The two statutes, pertaining to campus police and airport police, limit those peace officers' authority to a specified geographical area. For this reason, we do not agree with the State's contention that Officer Rimmer was authorized to arrest appellant under Tex.Code Crim.P.Ann. art. 14.01(b). According to *Preston v. State,* an airport security officer, although a qualified peace officer, is qualified to act only in the geographical area designated by the statute. Although *Angel* held that a Tomball police officer's jurisdiction extended county-wide, the holding was justified by Tex.Rev. Civil Stat.Ann. arts. 998 and 999, which give city police officers authority and jurisdiction commensurate with that of city marshalls, and gives city marshals county-wide jurisdiction. Airport security officers are not the same as city police officers, because unlike city police officers, their authority is expressly limited to a specified geographical area.

■ Nor was Officer Rimmer, acting as a civilian, authorized to arrest appellant. The officer saw appellant speed and run a red light. Though he later determined that appellant was intoxicated, and could argue that he earlier saw appellant drive while intoxicated, Officer Rimmer does not contend that he stopped appellant for driving while intoxicated. Art. 14.01(a) does not authorize "any other person" (a non-peace officer) to arrest another, who he has seen running a red light or speeding, because these violations do not constitute a breach of the peace under the Texas statute.

We hold that the failure of appellant's trial counsel to object to evidence pertaining to appellant's being stopped, and his failure to move to have that evidence suppressed, caused appellant to receive less than adequate counsel. *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052. Such failure by appellant's counsel necessarily presumes harm because, if the motion had been granted, Officer Rimmer's testimony about facts after the stop would have been excluded. *Glass v. State,* 681 S.W.2d 599 (Tex.Crim.App.1984). Since only Rimmer testified to the offense, appellant would have necessarily been entitled to a not guilty verdict.

Appellant's point of error is sustained. The judgment is reversed, and the cause remanded.

HUGHES, J., dissents.

HUGHES, Justice, dissenting.

I respectfully dissent. Texas Revised Civil Statute Ann. art. 46d–7(b) (Vernon Supp.1989) expressly provides that a peace officer commissioned under this act is "vested with all the rights, privileges, obligations, and duties of any other peace officer in this State, while he is on property under control of the airport, *or* in the actual course and scope of his employment."

Officer Rimmer was undeniably within the course and scope of his employment when he stopped appellant. Rimmer testified that his duties included patrolling both Ellington Field and Hobby Airport, which are not contiguous. Therefore, Rimmer's course and scope of employment necessarily included traveling between the two locations, and it was during a trip between the two locations that he stopped appellant. It does not make sense to suspend Rimmer's status as a peace officer when he leaves Hobby's gates, and to restore his status when he reaches Ellington Field, especially since he makes the trip frequently as part of his assigned duties.

Further, I can see a difference between the phrases, "in the course and scope of employment," as found in the airport security statute, and in "or otherwise in the performance of his duties," as found in sec.

51.203 of the Education Code. I consider "in the course and scope of employment," to be a broader grant than "or otherwise in the performance of his duties."

I would affirm the judgment.