fleming v. state 



TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-93-00445-CR







Robert S. Fleming, Jr., Appellant



v.



The State of Texas, Appellee







FROM THE DISTRICT COURT OF BASTROP COUNTY, 21ST JUDICIAL DISTRICT


NO. 6838, HONORABLE H. R. TOWSLEE, JUDGE PRESIDING








 Appellant Robert Fleming appeals the jury's assessment of punishment at sixty-five
years' imprisonment for his conviction of aggravated sexual assault of a child. Act of May 29,
1983, 68th Leg., R.S., ch. 977, § 3, 1983 Tex. Gen. Laws 5311, 5312-14 (Tex. Penal Code Ann.
§ 22.021, since amended). He complains that the trial court erred in instructing the jury as to
parole law and that he was denied reasonably effective assistance of counsel. We will affirm the
judgment.



BACKGROUND


 In 1987, Fleming was convicted of aggravated sexual assault of a child. The jury
assessed punishment at fifty years' imprisonment. At the punishment stage of the trial, the court's
charge to the jury included a parole-law instruction. In 1988, this Court affirmed the judgment
of conviction but remanded the cause for a reassessment of punishment in light of Rose v. State,
752 S.W.2d 529 (Tex. Crim. App. 1987) (holding parole-law jury instruction violates Texas
Constitution). Fleming v. State, No. 3-87-060-CR (Tex. App.--Austin Sept. 21, 1988, pet. ref'd)
(not designated for publication). At the new trial on punishment in 1993, the court granted
defense counsel's request to include in the court's charge to the jury a parole-law instruction
nearly identical to the instruction given in the first trial. (1) At the conclusion of the second trial,
the jury assessed punishment at sixty-five years' imprisonment, and the trial court sentenced
appellant accordingly. Fleming appeals by six points of error, arguing that (1) the trial court
erred in including the parole instruction in the court's charge; (2) he received ineffective
assistance of counsel because his trial counsel requested a parole-law instruction and referred to
the instruction during jury argument; and (3) he received ineffective assistance of counsel because
counsel elicited harmful testimony on cross-examination and failed to object to inadmissible
evidence.



PAROLE INSTRUCTION


 Fleming's first point of error contends the trial court erred by including the parole-law instruction in the jury charge. However, the record clearly indicates that appellant's trial
counsel requested the parole-law instruction:



[Defense Counsel]: . . . [G]iven the nature of this case and also the amount of
publicity we have had recently about how the prisons have a revolving door, how
people are released from prison after serving a very, very small fraction of the time
. . . it would be more of an advantage for this defendant to have an accurate
statement of the parole laws rather than laboring under what I think would be a
misconception of those laws. And therefore, I made a conscious decision, knowing
that this [new parole law instruction] statute does not apply to this case,
nevertheless, I made a conscious decision to go ahead and ask for this charge,
based on my perception of what I think a jury might or might not consider.

 

THE COURT: Okay.


[Defense Counsel]: And I did it knowingly and after discussing this with the
defendant in this case.


 . . . .

 

[Prosecutor]: Mr. Pfeiffer, you are, after having said all of this, aware of the Rose
decision, are you not?


[Defense Counsel]: Yes.


[Prosecutor]: And notwithstanding the Rose decision you wish to have these 

paragraphs put into the charge?


[Defense Counsel]: Yes, I believe that given the current state of affairs, that a
charge that--like this is more beneficial in this case than would be a charge which
neglected to mention parole altogether, and would result in them speculating about
what parole may or may not be.


THE COURT: Well, I'm putting it [the parole instruction] in there because the
defendant has requested it.



 Because Fleming requested the parole instruction, he cannot complain that the trial
court granted his request. He has waived any claim that the court erred in giving the instruction
to the jury. Fleming's first point of error is overruled.



INEFFECTIVE ASSISTANCE OF COUNSEL


 At the punishment stage of a non-capital offense, the standard for judging the
adequacy of a defendant's representation under the Sixth Amendment is whether the defendant
received reasonably effective assistance of counsel. Craig v. State, 825 S.W.2d 128, 130 (Tex.
Crim. App. 1992); Ex parte Walker, 794 S.W.2d 36, 37 (Tex. Crim. App. 1990). (2) Under this
standard, the adequacy of counsel's performance is gauged by the totality of the representation.
Ex parte Walker, 777 S.W.2d 427, 431 (Tex. Crim. App. 1989); Ex parte Cruz, 739 S.W.2d 53,
58 (Tex. Crim. App. 1987). The right to counsel does not mean errorless counsel or counsel
whose performance is judged by hindsight. Cruz, 739 S.W.2d at 58; Mercado v. State, 615
S.W.2d 225, 228 (Tex. Crim. App. 1981). When determining whether counsel was reasonably
effective, we will not second-guess counsel's trial strategy unless there is no plausible basis for
his actions. Johnson v. State, 614 S.W.2d 148, 152 (Tex. Crim. App. 1981).

 Fleming's second and third points of error claim that he received ineffective
assistance of counsel because his trial counsel requested and failed to object to the parole-law
instruction. These contentions are without merit because the parole-law instruction requested by
defense counsel was the proper instruction for this case.

 At the time of Fleming's first trial in 1987, a parole-law instruction was mandated
by Article 37.07, section 4 of the Code of Criminal Procedure. See Act of May 26, 1985, 69th
Leg., R.S., ch. 576, § 1, 1985 Tex. Gen. Laws 2195, 2195-96 (Tex. Code Crim. Proc. Ann. art.
37.07, § 4, since amended). The Court of Criminal Appeals later held that both Article 37.07,
section 4 and the parole-law instruction it required were unconstitutional. Rose v. State, 752
S.W.2d 529, 535 (Tex. Crim. App. 1987). As a result of Rose, Fleming's original cause was
remanded for reassessment of punishment.

 Following Rose, the legislature reenacted section 4 of Article 37.07 with only slight
modification. See Act of May 3, 1989, 71st Leg., R.S., ch. 103, § 1, 1989 Tex. Gen. Laws 442,
442-43 (Tex. Code Crim. Proc. Ann. art. 37.07, § 4, since amended). The reenactment took
effect on November 7, 1989, when the voters approved the corresponding amendment to Article
IV, section 11(a) of the Texas Constitution. Since Fleming's new trial on punishment occurred
on May 3 and 4, 1993, reenacted section 4 of Article 37.07 applied to his case. See Hawkins v.
State, 807 S.W.2d 874, 876 (Tex. App.--Beaumont 1991, pet. ref'd) (noting that trial court
properly gave parole instruction pursuant to reenacted section 4 of Article 37.07 in retrial of
punishment phase after remand pursuant to Rose); Williams v. State, 821 S.W.2d 403, 404 (Tex.
App.--Houston [1st Dist.] 1991, pet. ref'd) (noting that following reenactment of Article 37.07,
section 4, parole instruction would be given if case was remanded for new punishment hearing
on the basis of Rose). Article 37.07 is a procedural statute and effects no change in substantive
law. Medina v. State, 828 S.W.2d 268, 272 (Tex. App.--San Antonio 1992, no pet.); Carter v.
State, 813 S.W.2d 746, 747 (Tex. App.--Houston [1st Dist.] 1991, no pet.). Absent an express
provision to the contrary, procedural statutes control pending litigation from their effective dates. 
Wade v. State, 572 S.W.2d 533, 534 (Tex. Crim. App. 1978). 

 Fleming's brief cites the notes to Article 37.07 for the proposition that he is entitled
to a jury charge based upon the law in effect at the time of the offense. Although some
amendments to Article 37.07 expressly apply only to offenses committed after their effective
dates, no such restriction applied to the legislature's reenactment of section 4. (3) See Act of May
3, 1989, 71st Leg., R.S., ch. 103, § 1, 1989 Tex. Gen. Laws 442, 442-43 (Tex. Code Crim.
Proc. Ann. art. 37.07, § 4, since amended). The parole-law instruction requested by Fleming's
trial counsel was identical to the instruction mandated by the new Article 37.07 except that one
paragraph was altered to accurately state the parole law applicable to Fleming. See Tex. Code.
Crim. Proc. Ann. art. 37.07, § 4 (West Supp. 1995). Since the parole-law instruction was
proper, we conclude that Fleming's Sixth Amendment right to effective counsel was not violated
by his counsel's request for the instruction. Fleming's second and third points of error are
overruled.

 Fleming's sixth point of error contends that he received ineffective assistance of
counsel because defense counsel's jury argument referred to the parole-law instruction. During
closing argument, defense counsel argued that Fleming would have to serve at least one-third of
any sentence imposed. Counsel also stated that since three times twenty was sixty, a sixty-year
sentence would be the same as a life sentence for the purpose of parole consideration. Fleming
contends that this argument constituted ineffective assistance of counsel by inviting the jury to
assess at least a sixty-year sentence.

 The decision to argue the parole-law instruction before the jury was a strategic
decision by defense counsel. The record reflects that defense counsel was concerned that the jury
might impose a severe sentence based on an erroneous belief of how quickly criminals are released
on parole. This is not the first case in which a defense counsel has decided that making the jury
aware of the parole law would help a defendant. (4) The prosecution presented extensive evidence
showing that Fleming's crime caused long-term psychological damage to the victim. Given such
evidence, counsel's decision to argue the parole-law instruction to the jury was a plausible trial
strategy and constituted reasonably effective assistance of counsel. See Craig, 825 S.W.2d at 130;
Johnson, 614 S.W.2d at 152. Fleming's sixth point of error is overruled.

 In his fourth and fifth points of error, Fleming claims his trial counsel provided
ineffective assistance during testimony at the punishment hearing. Fleming's fourth point of error
complains that trial counsel was ineffective during cross-examination of the victim's mother
because he elicited hearsay testimony of other crimes Fleming allegedly committed. Fleming
complains of the following exchange:



Q: And I believe you testified a few minutes ago that your separation had a lot
to do with what happened to your daughter, although that was not
everything that was involved; is that accurate?


A: That was not the reason for the initial separation. 


Q: What was the reason for the initial separation?


A: I had heard that he had been--do you want me to say this?


Q: Sure.


A: I heard that he raped this woman that was in jail, and that he was using
cocaine, and that he was stealing from Carter's Grocery, and that he was
having an affair and he was involved with a fifteen year old girl. And I told
him that I wished for him to leave until I investigated and find out if it was
true or not true.


 . . . .


Q: He never was charged or never was convicted of any of the other stuff you
were talking about; is that true? 


A: No, but I know he had cocaine because I seen it on him.


Q: When was that?


A: When we lived at Hillside Apartments, and he had a friend of his test it and
he said it was cocaine but it was a very low grade. 



 Fleming complains that through cross-examination his trial counsel portrayed him
as a "dope using, child abusing, thieving rapist." Fleming cites Baldwin v. State, 668 S.W.2d
762 (Tex. App.--Houston [14th Dist.] 1984, no pet.), for the proposition that eliciting inadmissible
and prejudicial testimony on cross-examination constitutes ineffective assistance of counsel. In
Baldwin, the defense counsel, who knew little about the evidence in the case, proved facts on
cross-examination that were directly contrary to his client's testimony and more incriminating than
the prosecution's evidence. Id. at 764. In the present case, defense counsel was simply surprised
by an unexpected and harmful response. Counsel followed up the witness's answer with questions
targeted to cast doubt on the truth of the prejudicial hearsay. Further, counsel extensively cross-examined the witness and established other evidence helpful to Fleming. We conclude that
counsel's cross-examination was reasonably effective. See Craig, 825 S.W.2d at 130. Fleming's
fourth point of error is overruled.

 In his fifth point of error, Fleming complains that trial counsel failed to object to
several instances of inadmissible hearsay testimony by prosecution witnesses. Fleming argues that
failure to object to inadmissible evidence constitutes ineffective assistance of counsel, citing
Perkins v. State, 771 S.W.2d 195, 198 (Tex. App.--Houston [1st Dist.] 1989), aff'd, 812 S.W.2d
326, 329 (Tex. Crim. App. 1991) (affirming without deciding issue of whether failure to object
amounted to ineffective assistance of counsel). In Perkins, a proper evidentiary objection would
have excluded all the prosecution's evidence of the offense and thereby acquitted the defendant. 
Id. Generally, an isolated failure to object to improper evidence does not render counsel's
representation ineffective. Ingham v. State, 679 S.W.2d 503, 509 (Tex. Crim. App. 1984). 
Defense counsel can reasonably decide not to object to inadmissible evidence as a matter of trial
strategy. See Valencia v. State, 891 S.W.2d 652, 659 (Tex. App.--Houston [1st Dist.] 1993, pet.
granted) (withholding objection to avoid drawing attention to inadmissible hearsay could be sound
trial strategy); Ahmadi v. State, 864 S.W.2d 776, 783 (Tex. App.--Fort Worth 1993, pet. ref'd)
(decision not to object may be part of strategy to appear open and honest).

 Fleming complains that his trial counsel should have objected to hearsay testimony
from therapist Iris Ramos and physician Nelson Ceballos. Both witnesses testified that the
victim's mother said the victim was found standing over her baby sister, threatening the infant
with a pair of scissors. However, the statements were made to Ramos and Ceballos for the
purpose of medical diagnosis or treatment and are therefore excepted from the hearsay rule. Tex.
R. Crim. Evid. 803(4). Furthermore, this evidence had already been admitted through the
testimony of the victim's mother. 

 Fleming further contends that trial counsel should have objected to: (1) testimony
by the victim's stepfather that the victim said she hated him and that she was afraid he would hurt
her like Fleming did; (2) testimony by the victim's mother that the victim said she was afraid
Fleming would come back and hurt her; and (3) testimony by the victim's mother that the child
responded to therapy by saying that she would never change. In addition, Ramos also testified
about the victim's fear of men and fear of Fleming. These statements are excepted from the
hearsay rule as statements of the declarant's then existing state of mind. Tex. R. Crim. Evid.
803(3). 

 Fleming also contends that trial counsel should have objected to testimony by the
victim's mother that the doctors said that the pain the victim experienced after bowel movements
was not because of physical reasons, but was a psychological result of the abuse. Fleming's
counsel may have withheld an objection to this testimony, thinking that the victim's doctors would
later provide this same testimony. Regardless, this statement caused little prejudice to Fleming
in light of extensive prosecution evidence showing how the crime psychologically affected the
victim. In hundreds of pages of testimony, Fleming has presented only one isolated instance of
his trial counsel's failure to object to an arguably inadmissible statement. Viewing the totality of
the representation, Fleming received reasonably effective assistance of counsel. See Craig, 825
S.W.2d at 130; Walker, 794 S.W.2d at 37. Appellant's fifth point of error is overruled.



CONCLUSION


 Viewing the totality of the record before us, we hold that Fleming was provided
with reasonably effective assistance of counsel. We affirm the trial court's judgment. 



 

 Marilyn Aboussie, Justice

Before Justices Powers, Aboussie, and B. A. Smith

Affirmed

Filed: May 3, 1995

Do Not Publish 
1.   The trial court gave the following instruction on how the jury should consider parole
law:

 

 

 Under the law applicable to this case, the defendant, if sentenced to a term of
imprisonment, may earn time off the period of incarceration imposed through the
award of good conduct time. Prison authorities may award good conduct time to
a prisoner who exhibits good behavior, diligence in carrying out prison work
assignments, and attempts at rehabilitation. If a prisoner engages in misconduct,
prison authorities may also take away all or part of any good conduct time earned
by the prisoner.

 It is also possible that the length of time for which the defendant will be
imprisoned might be reduced by the award of parole.

 Under the law applicable to this case, if the defendant is sentenced to a term of
imprisonment, he will not become eligible for parole until the actual time served
equals one-third of the sentence imposed or 20 years, whichever is less, without
consideration of any good conduct time he may earn. Eligibility for parole does
not guarantee that parole will be granted.

 It cannot accurately be predicted how the parole law and good conduct time
might be applied to this defendant if he is sentenced to a term of imprisonment,
because the application of these laws will depend on decisions made by prison and
parole authorities.

 You may consider the existence of the parole law and good conduct time. 
However, you are not to consider the extent to which good conduct time may be
awarded to or forfeited by this particular defendant. You are not to consider the
manner in which the parole law may be applied to this particular defendant. 
2.   The State's brief analyzes appellant's claim of ineffective assistance of counsel using the
two-pronged analysis of Strickland v. Washington, 466 U.S. 668 (1984). The Strickland test
does not apply to a claim of ineffective assistance during the punishment phase of a non-capital
offense. Craig, 825 S.W.2d at 130; Ex parte Walker, 794 S.W.2d at 37.
3.   The record reflects that Fleming's trial counsel misquoted the notes to Article 37.07. 
While discussing the 1989 amendment which reenacted section 4, defense counsel appears to
quote from the notes which pertain to a 1985 amendment to section 2(b) of Article 37.07.
4. See Atomanczyk v. State, 776 S.W.2d 297, 298 (Tex. App.-- Houston [1st Dist.] 1989),
pet. dism'd, improvidently granted, 800 S.W.2d 224 (Tex. Crim. App. 1990) (defense counsel
argued to jury that defendant must serve at least one-third of sentence); Gilliam v. State, 766
S.W.2d 867, 868-69 (Tex. App.--Houston [1st Dist.] 1989, no pet.) (defense counsel argued,
over State's objection, that defendant must serve full one-third of sentence); Ellis v. State,
727 S.W.2d 50, 52 (Tex. App.--Beaumont 1987, pet. ref'd) (defendant argued on appeal that
jury charge should have included parole-law instruction).