Charles Murray
**STRICKLAND, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 6–86–086–CR.**

Court of Appeals of Texas,
Texarkana.

March 8, 1988.

Gregory Neeley, McDaniel & Neeley, Longview, for appellant.

Charles Murray Strickland, pro se.

Charles C. Bailey, Dist. Atty., Mt. Pleasant, for appellee.

BLEIL, Justice.

Charles Strickland appeals his conviction for delivery of marihuana. He contends that he was denied the effective assistance of counsel at trial. We agree and reverse the trial court's judgment.

Strickland claims that he was denied effective assistance of counsel in violation of his rights under the First and Fourteenth Amendments to the United States Constitu-

tion, and under Article I, Section 10 of the Texas Constitution. In determining whether the assistance of counsel was effective in a criminal prosecution, we look at the trial as a whole, not at isolated incidents. *Moore v. State,* 694 S.W.2d 528 (Tex.Crim. App.1985). The effectiveness of counsel—retained or appointed—is judged by a single standard: reasonably effective assistance. *Ex parte Gallegos,* 511 S.W.2d 510 (Tex.Crim.App.1974); *Vicknair v. State,* 702 S.W.2d 304 (Tex.App.–Houston [1st Dist.] 1985, no pet.). In reviewing claims of a denial of effective assistance of counsel, we apply the two-part test set forth in *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). The *Strickland* test requires an accused to show that his counsel's representation fell below an objective standard of reasonableness and that the deficient performance prejudiced his defense. *Ex parte Wilson,* 724 S.W.2d 72 (Tex.Crim.App.1987).

Strickland initially retained David Griffith to defend him in this case. Griffith handled certain pretrial matters, but on November 26, 1985, the trial court allowed Griffith to withdraw.[1] On April 30, 1986, Strickland retained Gerald Weatherly by paying a $1,000.00 retainer fee. When Strickland did not pay the balance of the $10,000.00 fee set by Weatherly, Weatherly wrote Strickland that he would withdraw unless the fee was paid in full by September 1, 1986. No response was received to the several letters sent to Strickland.

On September 29, 1986, at a docket call, Strickland appeared pro se. The court advised him to go see his attorney, consult with him and prepare for trial. The court also advised the district clerk to telephone Weatherly and inform him that he was required to appear in court for trial.

Weatherly replied that he intended to withdraw as attorney in the case.

On October 13, 1986, jury selection began. Before jury selection, Weatherly presented a motion to withdraw as attorney of record because he was not prepared and Strickland had not paid him the entire amount of his agreed legal fee. Also, Strickland made a motion to discharge Weatherly as his attorney. Both Weatherly and the district attorney, Charles Cobb, testified concerning these motions.

Weatherly testified that Strickland had never been to his office to discuss the case. He had not interviewed Strickland, undertaken any discovery efforts, performed any legal research, or otherwise prepared for the trial. Although Weatherly attempted to contact Strickland several times by mail and by telephone, they did not meet until October 13, 1986, the day set for jury selection. Weatherly stated that he was totally unprepared for trial and that if forced to go to trial, he could not adequately defend Strickland. He also opined that any lawyer representing Strickland would need to devote ten days to two weeks preparation in order to adequately represent Strickland. The trial court denied Weatherly's motion to withdraw, and Strickland's motion to discharge Weatherly, and directed that the case proceed to trial.

Weatherly conducted a brief voir dire of the jury. He put on no evidence, and allowed the State to introduce, without objection, evidence of four inadmissible extraneous offenses. Weatherly's representation of Strickland falls below any objective standard of reasonableness, thus satisfying the first part of the *Strickland* test. Ordinarily, appellate courts do not second-guess the strategy of a trial attorney. *Hawkins v. State,* 660 S.W.2d 65 (Tex.Crim.App.1983).

---

1. As noted by the trial court, one of the reasons for Griffith's withdrawal as counsel was that Strickland did not cooperate with him. The court further observed that the case had previously been continued at the request of the defendant; that thereafter the defendant failed to appear for trial and forfeited his bond; that at the pretrial hearing at which Strickland appeared pro se the trial court admonished him to consult with his attorney and be ready for trial; and that if Weatherly was relieved as attorney of record the case would again have to be postponed in order for Strickland to employ another attorney. While we can sympathize with the plight of a trial judge trying to dispose of the many cases on the docket, and the frustrations of dealing with a defendant who might appear to be "foot dragging," those matters are not relevant to a determination of whether a defendant received effective representation in a given case.

However, while not putting on any defense evidence may well be part of a trial strategy, failing to object to the State's proof of four extraneous offenses cannot reasonably be labeled "strategy." Considering the sentence of twenty years' confinement and a $10,000.00 fine—each the maximum allowable for this offense—we conclude that the second part of the *Strickland* test has been satisfied: the deficient representation prejudiced Strickland's defense. After reviewing the record of the entire trial and the totality of the representation provided to Strickland, we conclude that Strickland did not receive reasonably effective assistance of counsel.

The trial court's judgment is reversed and this case is remanded for a new trial.

GRANT, Justice, concurring.

The defendant should not be allowed to support his ineffective-assistance-of-counsel contention with ineffectiveness brought about by his failure to cooperate with his attorney. However, considering other factors in the record, I concur with the majority.