Charles Murry STRICKLAND,
Appellant,

v.

The STATE of Texas, Appellee.

No. 6–89–006–CR.

Court of Appeals of Texas,
Texarkana.

Jan. 30, 1990.

**550**

Gregory Neeley, Akin, Steele & Bush, Longview, for appellant.

Charles C. Bailey, Dist. Atty., Mt. Pleasant, for appellee.

GRANT, Justice.

Charles Murry Strickland appeals his conviction of delivery of marihuana of less than five pounds but more than four ounces. We reversed Strickland's original conviction in *Strickland v. State*, 747 S.W.2d 59 (Tex.App.–Texarkana 1988, no pet.), because he received ineffective assistance of counsel. The case was remanded to the trial court for a new trial. On remand, the jury found Strickland guilty and assessed his punishment at twenty years' confinement in the Texas Department of Corrections, plus a $10,000 fine.

Strickland contends that the trial court erred by allowing the State to introduce evidence of extraneous offenses, by failing to include a limiting instruction in the court's charge concerning the extraneous offense, by denying him the opportunity to conduct an evidentiary hearing on his motion to suppress, by admitting the testimony of Claude Latta as to the results of chemical analysis performed on the marihuana in violation of Tex.R.Crim.Evid. 803(6), and by refusing to grant his motion for mistrial on the grounds that the sheriff of Camp County was acting as bailiff in his trial while also being a witness.

During the trial, the jury heard evidence about the delivery for which Strickland was on trial. In addition, evidence of marihuana found both inside and outside of Strickland's residence and booby traps found outside his residence was presented to the jury over objection.

Appellant contends that the trial court committed reversible error by allowing the State to introduce evidence of extraneous offenses and in failing to give a limiting instruction concerning the extraneous offenses in the jury charge. The State maintains that the complained of evidence was not evidence of extraneous offenses but rather was evidence so interconnected with the commission of the offense as to be part of the *res gestae* of the offense and was therefore admissible to show the context in which the offense occurred.

An accused is entitled to be tried on an accusation made in the indictment and not for a collateral crime or for being a criminal generally. *Albrecht v. State*, 486 S.W.2d 97 (Tex.Crim.App.1972). However, extraneous offenses are admissible to show intent or knowledge, state of mind, motive, system, scheme or plan. *Mallicote v. State*, 548 S.W.2d 42 (Tex.Crim.App.1977). The test for determining the admissibility of any type of evidence is whether the

probative value of such evidence outweighs its inflammatory nature. Evidence of other crimes committed by the accused may be admitted where such evidence is shown to be both material and relevant to a contested issue in the case. *Albrecht*, 486 S.W.2d at 100.

Evidence of extraneous offenses is admissible pursuant to the *res gestae* theory under the reasoning that events do not occur in a vacuum and that the jury has a right to hear what occurred immediately prior to and subsequent to the commission of that act so that they may realistically evaluate the evidence. *Albrecht*, 486 S.W.2d at 100.

The evidence at trial showed that Strickland negotiated a sale of marihuana over the telephone with an undercover narcotics officer, Lane Adkin. Agent Adkin then travelled to Strickland's residence along with a surveillance team. Upon entering the residence at Strickland's invitation, Adkin noticed a large green plastic trash bag in front of the kitchen, which Strickland weighed on his scales. The scales indicated that the sack weighed less than five pounds, and Strickland made some comment about it being a little bit light. Strickland then went outside the residence to a Dodge vehicle parked in front of the residence where he retrieved additional marihuana to place in the plastic trash bag. Strickland then delivered the bag of marihuana to Adkin and received $3,500 in return. Strickland was arrested, and the premises were searched pursuant to a search warrant.

The evidence further shows that the marihuana seized in the residence and on the property was in plain view of Adkin. In searching the property, additional marihuana was discovered as well as several booby trap devices in the form of rat traps, modified to detonate a .12 gauge shotgun shell.

■■ Where an offense is one continuous transaction, or another offense is part of the case on trial or blended or closely interwoven, proof of all such facts is proper. *Archer v. State*, 607 S.W.2d 539 (Tex. Crim.App. [Panel Op.] 1980); *Welch v. State*, 543 S.W.2d 378 (Tex.Crim.App.1976).

The evidence was admissible to show the context in which the criminal act occurred.

■ Strickland also contends that the trial court committed reversible error by failing to include a limiting instruction concerning extraneous offenses in the court's charge. It is not necessary to give a limiting instruction on an extraneous offense which constitutes *res gestae* of the offense for which an accused is on trial. *Archer*, 607 S.W.2d 539. Evidence admitted on the theory that it is part of the context of the charged offense does not require a limiting instruction. *Hoffert v. State*, 623 S.W.2d 141 (Tex.Crim.App. [Panel Op.] 1981). Therefore, the trial court did not err in charging the jury without a limiting instruction as to the extraneous offense.

Strickland contends that the trial court committed reversible error when it denied Strickland the opportunity to conduct an evidentiary hearing on its motion to suppress. Prior to Strickland's first trial in 1986, the trial court held an evidentiary hearing on Strickland's motion to suppress evidence. The motion sought to suppress evidence seized pursuant to the execution of a search warrant following Strickland's arrest. Strickland's motion was denied, and he was subsequently tried and convicted for the offense of delivery of marihuana.

On remand, another motion to suppress was filed by Strickland's new attorney, and one was filed by Strickland acting on his own behalf. Strickland contends that the court abused its discretion under Article 28.01 of the Texas Code of Criminal Procedure by refusing to allow Strickland to conduct an evidentiary hearing on the motion to suppress either at pretrial or during trial on the merits. Strickland contends that by doing this, the trial court violated Article 28.01 and harmed Strickland by denying him effective assistance of counsel in violation of the United States and Texas Constitutions. The court refused to conduct a hearing on Strickland's motion and instead made a ruling on the motion to suppress after reviewing the motion, the search warrant, the evidence presented at the hearing on the first motion to suppress

held before Strickland's first trial, and matters presented by counsel for both sides. The trial court then denied Strickland's motion to suppress without holding an evidentiary hearing.

The first conviction was reversed, and the case was remanded for a new trial on the basis of ineffective assistance of counsel. Strickland's complaint on appeal dealt with allegations concerning the representation of Gerald Weatherly. This Court reversed the case stating that, "Weatherly's representation of Strickland falls below any objective standard of reasonableness...." However, it was David Griffith, not Weatherly, who represented Strickland at the time of the pretrial hearing on the motion to suppress. Strickland made no complaints about the representation by Griffith, and this Court made no findings concerning Griffith's representation. The record shows that Griffith ably represented Strickland at that hearing and that there was a thorough hearing on the motion to suppress, which covers more than one hundred pages in the record.

■ The first question that we address is whether the trial court was obligated to again hold hearings on pretrial matters which were not alleged to have been tainted by ineffective assistance of counsel and which were not addressed as a basis for reversal by this Court. Strickland is not entitled to two hearings on the motion to suppress, and the trial court was not required to again conduct a hearing on this matter even though another motion was filed.

■ We should point out that a different trial judge conducted the second trial, so he was not the judge who had conducted the hearing on the motion to suppress. However, it is not improper for different judges to sit at different hearings in a case, and this holds true, absent an abuse of discretion, even if an objection is made. *Woods v. State*, 569 S.W.2d 901 (Tex.Crim. App.1978).

The additional matter that should also be addressed is the fact that after the first trial and the remand by this Court, Strickland filed a motion asking the trial judge to recuse himself. The trial judge denied the basis alleged for his recusal, but voluntarily recused himself and had a visiting judge assigned to try the case. The grounds were the trial judge's appointment of an attorney who was found to be ineffective counsel and a pending civil suit brought by Strickland against the trial judge, alleging $500,000 in damages for bias and prejudice against the defendant. These allegations are based upon matters occurring after the pretrial hearing and therefore could not be considered to have tainted the initial pretrial hearing. Thus, we find no error in the trial judge's refusal to hold a hearing on the additional motions to suppress, which were based upon the same illegal search and seizure grounds as the original motion.

Texas case law vests the trial court with discretion about whether to hold a pretrial motion to suppress. *Writt v. State*, 541 S.W.2d 424 (Tex.Crim.App.1976); *Adams v. State*, 745 S.W.2d 536 (Tex.App.–Houston [1st Dist.] 1988, no pet.). The law in this area is premised on the understanding that a trial on the merits (as opposed to a pretrial hearing) is the alternative forum at which to argue the motion. The record does not show that Strickland again tried to present the evidence concerning his motion to suppress during the trial of the case. Furthermore, after the trial court denied Strickland's request for a hearing, Strickland failed to present evidence by a bill of exceptions. It was incumbent upon Strickland to do so because although he bases his point of error on the trial court's refusal to grant him a hearing, he can only show an abuse of discretion on the part of the trial court by demonstrating that the evidence in support of his motion weighed in his favor. *Adams*, 745 S.W.2d 536. The point of error is overruled.

Strickland contends that the trial court committed reversible error in admitting the results of the chemical analysis performed on the marihuana because the evidence does not show Claude Latta to be the custodian of the records sought to be introduced and therefore has failed to lay the proper predicate to introduce this evidence. The thrust of appellant's argument is that the

State failed to show the trustworthiness or reliability of Latta's testimony because the chemist who actually performed the analysis did not testify, but the records and results of the analysis were received by virtue of the testimony of the individual's supervisor, Latta.

The predicate for the admissibility of business records is set out in Tex.R. Crim.Evid. 803(6) which states:

A memorandum, report, record, or data compilation, in any form, of acts, events, conditions, opinions, or diagnoses, made at or near the time by, or from information transmitted by, a person with knowledge, if kept in the course of a regularly conducted business activity, and if it was the regular practice of that business activity to make the memorandum, report, record, or data compilation, all as shown by the testimony of the custodian or other qualified witness, or by affidavit that complies with Rule 902(10), unless the source of information or the method or circumstances of preparation indicate lack of trustworthiness. "Business" as used in this paragraph includes any and every kind of regular organized activity whether conducted for profit or not.

Prior to September 1, 1986, the effective date of the Texas Rules of Criminal Evidence, it was well established that a supervisor of a toxicology laboratory could testify from records of the laboratory as to the results of the tests. *Brooks v. State*, 642 S.W.2d 791, 793 (Tex.Crim.App. [Panel Op.] 1982); *Alvarez v. State*, 508 S.W.2d 100, 102 (Tex.Crim.App.1974); *Kent v. State*, 374 S.W.2d 671 (Tex.Crim.App.1963). The proper predicate is established when the record shows that the tests made were standard tests for a particular substance, made by a person who had personal knowledge of the test and the test results, and that the results of the tests were recorded on records kept in the usual course of business of the laboratory. *Armijo v. State*, 751 S.W.2d 950 (Tex.App.–Amarillo 1988, no pet.). The record shows that Latta holds a Bachelor of Science degree in chemistry, that he is employed by the Texas Department of Public Safety Chemical Laboratory, and that he has been the supervisor of the Tyler-based laboratory for fifteen years. Latta testified that standard procedures were followed in analyzing the substance, that the report was made by a person with personal knowledge of what the report contains, that the report was made at or near the time that the event or act in the report was done, and that the report was made in the regular course of business. This is sufficient to show that the requirements of Rule 803(6) were complied with and an adequate indicia of trustworthiness established.

Strickland contends that the trial court committed reversible error by refusing to grant Strickland's motion for mistrial on the grounds that Charles Elwonger, the sheriff of Camp County, was acting as bailiff in appellant's trial while also being a witness.

A specific prohibition regarding contact between law enforcement and jurors is found in Tex.Code Crim.Proc.Ann. art. 36.-24 (Vernon 1981), which states:

The sheriff of the county shall furnish the court with a bailiff during the trial of any case to attend the wants of the jury and to act under the direction of the court. If the person furnished by the sheriff is to be called as a witness in the case he may not serve as bailiff.

The fact that the sheriff served as a bailiff is established by the testimony of Gregory Neely, co-counsel for Strickland. The relevant portion of that testimony is as follows:

Q  Have you observed the sheriff here in Camp County acting, in part, as a bailiff for the jury during these proceedings?

A  Yes.

Q  And would you state for the record what you have observed the sheriff do in terms of acting as a bailiff for the jury?

A  Most notably, during the jury selection process, on occasion I observed the sheriff, Sheriff Elwonger, instruct the jury to come back into the courtroom when recesses ended. I also observed, after the selection of the jury that's been sitting in this case, him stand to the

immediate side of the jury panel that was selected, and after admonishments by the Court, he handed out jury instruction forms to the jury and assisted them in taking the jury to the jury room on the third floor where the judge instructed them to meet before the trial was to start.

The evidence further shows that the sheriff did not function as the only bailiff:

Q ... There was a bailiff during the trial that was not Sheriff Elwonger. Is that correct?

A Yes.

■ Based on Article 36.24, the trial court committed error in allowing Elwonger to act as a bailiff when he was to testify as a witness. However, the fact that a bailiff has been called as a witness is not ordinarily grounds for reversal unless harm or prejudice is shown. *Criado v. State*, 438 S.W.2d 557 (Tex.Crim.App.1968).

In *Turner v. Louisiana*, 379 U.S. 466, 85 S.Ct. 546, 13 L.Ed.2d 424 (1965), the testimony of two sheriff's deputies, who were the State's main witnesses, was allowed after the defense had established that they had been in charge of the jury and had been in close association with the jurors throughout the trial. The Supreme Court of the United States held that the conduct of the trial violated the basic guarantees of trial by jury in violation of the 14th Amendment, since the credibility which the jury attached to the deputies' testimony must have inevitably determined whether the accused would be convicted. In *Ex parte Halford*, 536 S.W.2d 230 (Tex.Crim.App. 1976), the defendant's conviction was reversed because the sheriff was allowed to testify as to the defendant's sanity and also acted as the bailiff and had intimate contact with the jury for five days.

■ Sheriff Elwonger's testimony in the present case was limited to establishing a chain of custody to show that after the first trial in October, 1986, Elwonger took custody of the evidence and placed it in the evidence room where it remained until the second trial. This act amounted to no more than a preservation of evidence which could have been done by a representative from the office of the district clerk or by the court reporter. Elwonger could not be considered one of the State's key witnesses. If it had not been for the reversal of the first case, the sheriff's testimony would not have been necessary at all. His testimony was not a significant factor in Strickland's conviction. The record does not show harm or prejudice, and therefore the conduct did not constitute reversible error. *See Silva v. State*, 499 S.W.2d 147 (Tex.Crim.App. 1973); *Norwood v. State*, 486 S.W.2d 776 (Tex.Crim.App.1972).

In addition to the brief submitted by Strickland's attorney, Strickland filed a pro se brief contending that the trial court erred by trying Strickland on four felony counts in one indictment. Strickland also contends that the trial court erred in losing the chain of custody of the marihuana by presenting State's exhibit # 1 in a different container.

Strickland in his pro se brief contends that the State admitted to trying Strickland on inadmissible extraneous offenses. The State does not admit this contention. Rather, Strickland incorrectly interpreted this Court's prior decision in *Strickland*, 747 S.W.2d 59.

Strickland's contention that the trial court erred in trying him on an indictment charging him with four felony charges of delivery of marihuana is without merit. The indictment charges Strickland with one offense of delivery of marihuana. The indictment does not list any additional felony charges.

Strickland contends that the State's exhibit # 1 lost its chain of custody because Latta testified that the marihuana was in a black plastic trash bag and because Adkin testified that the marihuana was in a green plastic trash bag. Again Strickland misreads the testimony. Latta testified that the inventory consisted of a large black garbage bag, plus one large green garbage bag. Adkin's testimony is not inconsistent with Latta's because both testified that there was a green trash bag. Strickland's points of error are overruled.

The judgment of the trial court is affirmed.