Steven Ray CANIDA, Appellant,

v.

The STATE of Texas, Appellee.

No. 6–90–115–CR.

Court of Appeals of Texas,
Texarkana.

Jan. 14, 1992.

Barney Sawyer, Paris, for appellant.

Tom Wells, Dist. Atty. of Lamar County, Paris, for appellee.

Before CORNELIUS, C.J., and BLEIL and GRANT, JJ.

## OPINION

BLEIL, Justice.

Steven Canida appeals his conviction for the offense of delivery of marihuana of more than four ounces. The main issue is whether the trial court erred in allowing testimony regarding chemical tests performed on the marihuana. Other issues concern whether a severance should have been granted, the sufficiency of the evidence, and whether the trial court should have granted a mistrial. We determine that there was no error made by the trial court in denying the severance and the motion for a mistrial, find no error in admitting testimony, and we find sufficient evidence to support the conviction.

Rick Moncibiaz, a drug task force undercover agent, met Chuck and Steven Canida. With Steven present, Moncibiaz negotiated with Chuck for the purchase of five pounds of marihuana. On another occasion, Moncibiaz drove to the residence of the Canida brothers, and Steven came out to the car to talk with him. Moncibiaz told Steven that he was there to talk about the deal. Steven informed him that the merchandise was good quality and home-grown and then went into the house to get Chuck. The actual delivery took place later. Chuck and Steven arrived in Steven's car at a hotel where Moncibiaz had rented a room. The

three men left the hotel, with Stephen following in his own car, and drove to the location where the deal was consummated. When police arrived, Moncibiaz and Steven were arrested.

■ The substance was tested at the Department of Public Safety laboratory and was marihuana. At trial, Juan Ortiz, a chemist employed by the Department of Public Safety, testified concerning results of tests performed by Dennis Pridgen. Ortiz has a bachelor of science degree in chemistry and had worked for over six years in his field. Further, Ortiz was present when the substance was delivered to the laboratory and analyzed; the testing was performed the same day. Ortiz is the custodian of test records, those records were kept in the regular course of business in the laboratory, they were made at or near the time of the testing done on the substance, and were made by a person having personal knowledge of the testing shown or by someone under that person's direction. Ortiz verified the chemical education background and experience of Dennis Pridgen and the training which was required to work in the Department of Public Safety's laboratory. Ortiz also verified from the records that Pridgen performed a microscopic test and that the substance was marihuana.

In *Strickland v. State*, we held that the supervisor of a laboratory can testify to the results of tests based on laboratory records. *Strickland v. State*, 784 S.W.2d 549, 553 (Tex.App.—Texarkana 1990, pet. ref'd). Here, Ortiz was properly allowed to testify from the records as to the result of the tests. *Strickland v. State*, 784 S.W.2d at 553; TEX.R.CRIM.EVID. 803(6). The proper predicate is established when the record shows that the tests were standard tests made for a particular substance, made by a person who had personal knowledge of the tests and the test results, and that the results of the tests were recorded on records kept in the usual course of business of the laboratory. *Strickland v. State*, 784 S.W.2d at 553. Here, Ortiz testified that he was present during part of the testing and that he is the custodian of the records concerning the testing. He also testified as to the personal knowledge of the chemist who actually performed the tests. A chemist's testimony concerning test results obtained by his associate is not rendered inadmissible as hearsay merely because he did not personally test the substances. Under the business records exception to the hearsay rule, TEX.R.CRIM. EVID. 803(6), and the former Business Records Act,[1] an expert may testify about test results obtained by another chemist. *Brown v. State*, 807 S.W.2d 615 (Tex. App.—Houston [14th Dist.] 1991, no pet.); *see Hodge v. State*, 631 S.W.2d 754, 757 (Tex.Crim.App. [Panel Op.] 1982). The trial court did not err in overruling the objection to the testimony of Ortiz.[2]

1. TEX.REV.CIV.STAT.ANN. art. 3737e, *repealed pursuant to* Acts 1985, 69th Leg., ch. 685, § 9(b), 1985 Tex.Gen.Laws 2474, *by* Texas Rules of Criminal Evidence, eff. Sept. 1, 1986.

2. Canida's attorney urges that we should follow the decision of *Cole v. State*, No. 1179–87, —— S.W.2d —— (Tex.Crim.App. Nov. 14, 1990). That decision holds, contrary to years of settled Texas law, that because test results, like those in this case, could be considered inadmissible public records under TEX.R.CRIM.EVID. 803(8)(B), the chemist could not testify from his records about the results of those tests pursuant to the 803(6) exception, which is the rules' version of the business records exception to the rule against hearsay testimony. At least one court of appeals has declined to follow *Cole* because it still remains on motion for rehearing and not part of the jurisprudence of this state. *Brown v. State*, 807 S.W.2d 615, 616 (Tex.App.—Houston [14th Dist.] 1991, no pet.). The *Cole* decision is not binding and, hopefully, will be turned around when the court of criminal appeals acts on the motion for rehearing. A cursory look at the decision exposes the absence of logic or common sense. The Houston Court of Appeals [14th Dist.] could not agree with the decision. 807 S.W.2d 615. Nor do we. It is difficult to imagine that any court in Texas could agree with the decision, and we believe that it will not become part of the jurisprudence of this state. Were *Cole* the law, we would, of course, follow it, but would express criticism of such a radical departure from state law based upon some obscure "federal precedent." The court of criminal appeals relied on Miller, *Texas Rules of Evidence: Article V. Privileges*, 16 VOICE FOR THE DEFENSE 40 (Oct.1986); and Clinton, *Texas Rules of Evidence: Genesis and General Provisions*, 16 VOICE FOR THE DEFENSE 26 (Oct.1986); but those articles nowhere justify the court's neglect of precedent in Texas evidence law and the over-

In determining the question of sufficiency of the evidence, the relevant question is whether, after viewing the evidence in the light most favorable to the verdict, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); *Butler v. State*, 769 S.W.2d 234, 239 (Tex.Crim.App.1989). Canida was convicted of being a party to the offense of delivery of marihuana of more than four ounces. The evidence must show that Steven Canida aided his brother, Chuck Canida, in the delivery of the marihuana and that the trier of fact could have found the essential elements of the aid given beyond a reasonable doubt.[3] The evidence shows that the appellant was a party and that he acted together with Chuck and, knowing his unlawful intent, aided and encouraged Chuck in the actual transfer of marihuana from Chuck to Moncibiaz. This is supported by Steven's presence during part of the negotiations, during the actual transfer, and by having the marihuana in the front seat with him prior to the transfer. Further, statements made by Steven after his arrest that he was going to "play dumb" is further evidence to support that he knew about and intentionally participated in the delivery. We find the evidence sufficient to support the conviction.

 At trial, Moncibiaz mentioned that Canida was on parole. Immediately after the complained-of testimony by Moncibiaz, the court instructed the jury to disregard it. An instruction to the jury to disregard improperly admitted evidence is generally considered sufficient to correct all but the most outrageous or prejudicial statements. *Waldo v. State*, 746 S.W.2d 750, 752 (Tex. Crim.App.1988). The trial court's instruction to disregard Moncibiaz's answer was sufficient under the circumstances; the statement was not extremely outrageous or extremely prejudicial.

 Further, the trial court properly denied Canida's motion for severance. Canida moved for severance during the first day of testimony, when he learned that the co-defendant, Chuck, would give favorable testimony if the cases were severed. Ordinarily, whether a severance is granted is a matter within the trial court's discretion. *Calverley v. State*, 511 S.W.2d 60, 62 (Tex. Crim.App.1974). However, the motion must be timely made. A motion not filed before the trial is not timely. *Raspberry v. State*, 741 S.W.2d 191 (Tex.App.—Fort Worth 1987, pet. ref'd); *Foster v. State*, 652 S.W.2d 474 (Tex.App.—Houston [1st Dist.] 1983), *aff'd*, 693 S.W.2d 412 (Tex. Crim.App.1985). Here, based upon the court's discretion, there is no error in not allowing the severance. The motion to sever was made after trial had begun, and Steven could have discovered that Chuck would have given favorable testimony before trial began. Therefore, the trial court did not err in denying the motion for severance.

The judgment of the trial court is affirmed.

GRANT, Justice, concurring.

I concur with the results reached by the majority, but I disagree with the following portion of the majority opinion:

A chemist's testimony concerning test results obtained *by his associate* is not rendered inadmissible as hearsay merely because he did not personally test the substances. Under the business records exception to the hearsay rule, TEX. R.CRIM.EVID. 803(6), and the former Business Records Act, an expert may testify about test results obtained by another chemist. *Brown v. State*, 807 S.W.2d

---

turning of prior decisions interpreting the law concerning what is commonly called the business records exception to the hearsay rule.

3. TEX.PENAL CODE ANN. § 7.02 (Vernon 1974) provides:

Criminal Responsibility for Conduct of Another

(a) A person is criminally responsible for an offense committed by the conduct of another if:

....

(2) acting with intent to promote or assist the commission of the offense, he solicits, encourages, directs, aids, or attempts to aid the other person to commit the offense;....

615 (Tex.App.—Houston [14th Dist.] 1991, no pet.); *see Hodge v. State*, 631 S.W.2d 754, 757 (Tex.Crim.App. [Panel Op.] 1982).

(Emphasis added.)

This statement presents a confused entanglement of case law and the rules of evidence. It blends three distinct principles of law that should be kept separated:

(1) The case law in Texas generally permits a supervisor to testify about the results of work done under his or her supervision. *Brooks v. State*, 642 S.W.2d 791 (Tex.Crim.App. [Panel Op.] 1982); *Kent v. State*, 374 S.W.2d 671 (Tex.Crim.App.1963).

(2) The Rules of Criminal Evidence allow a memorandum, report, statement, or data compilation to be admitted into evidence as a hearsay exception if the proper predicate is laid under Rule 803(6) (records of regularly conducted activity), or 803(8) (public records and reports). Once this report or record comes into evidence, it may be read by a witness or by the attorney, but these rules do not authorize more than the content of these documents and the laying of the predicate for their introduction.

(3) Rule 702 and Rule 703 of the Rules of Criminal Evidence authorize testimony by experts.

The *Brown* case cited in the majority opinion involves a toxicologist testifying concerning results obtained by his subordinate. In the *Hodge* case cited in the majority opinion, the court held that Hodge had not properly preserved his point of error.

Inasmuch as I agree that the results of the test were admissible, I concur with the result reached by the majority.