Roberts-E v. State 















IN THE
TENTH COURT OF APPEALS
 

No. 10-91-171-CR

     EDWINA ROBERTS,
                                                                                              Appellant
     v.

     THE STATE OF TEXAS,
                                                                                              Appellee
 

From the 82nd District Court
Falls County, Texas
Trial Court # 5830
                                                                                                    

O P I N I O N
                                                                                                    

      Edwina Roberts and Terrie Shelly, a co-defendant, both pled nolo contendere to the offense
of possession of less than twenty-eight grams of cocaine. See Tex. Health & Safety Code
Ann. § 481.115 (Vernon 1992). Both Roberts and Shelly, who were represented by the same
attorney at trial, were first-time offenders and single mothers with small children. The jury
assessed Shelly's punishment at twenty years in prison and a $5000 fine and Roberts' punishment
at forty years in prison and a $10,000 fine. The only complaint on appeal is that Roberts was
ineffectively assisted by her trial counsel during the punishment phase. We reverse and remand
for a new punishment hearing.
      During Roberts' testimony at the punishment phase, her counsel asked questions about her
prior involvement with the sale of narcotics—i.e., he brought to the jury's attention prior
unadjudicated offenses. She claims that this line of questioning prejudiced the jury against her and
caused it to assess a harsher punishment than it would have otherwise. Specifically, she notes that
the same jury gave Shelly, who denied any prior involvement with the sale of narcotics, a lesser
punishment.
      The test applied during the punishment phase is whether, based on the totality of the
representation, counsel rendered reasonably effective assistance. Ex parte Cruz, 739 S.W.2d 53,
58 (Tex. Crim. App. 1987). The two-prong test in Strickland v. Washington, 466 U.S. 668, 104
S. Ct. 2052, 2054-55, 80 L. Ed. 2d 674 (1984), does not apply during the punishment stage. Ex
parte Cruz, 739 S.W.2d at 58. A strong presumption exists that the representation falls within the
wide range of reasonable professional assistance. Strickland, 104 S.Ct. at 2065-66. Furthermore,
the defendant must prove ineffective assistance by a preponderance of the evidence, and a mere
showing of deficient performance without prejudice does not prove ineffective assistance. Moore
v. State, 694 S.W.2d 528, 531 (Tex. Crim. App. 1985). 
      Matters of plausible trial strategy do not amount to ineffective assistance even if they backfire. 
Ex parte Ewing, 570 S.W.2d 941, 947 (Tex. Crim. App. 1978). Full inquiry into a trial strategy
should be made, however, if there appears to be no plausible basis for particular actions. Ex parte
Burns, 601 S.W.2d 370, 372 (Tex. Crim. App. 1980).
      When Roberts took the stand to testify at the punishment phase, the following occurred:
[DEFENSE COUNSEL QUESTIONING]
Q Miss Roberts, would you please tell the jury your name?
A Edwina Elaine Roberts.
Q Miss Roberts, you heard [the prosecutor] ask [your co-defendant] if she has ever been
involved with the Hardeman family about buying drugs. I believe you have, is that correct?
A Yes.
Her counsel proceeded with a line of questioning that revealed that Roberts had once agreed to sell
marihuana for the "Hardeman family" before she committed the offense in question. She went
uptown to sell the marihuana before noticing that the police were following her. She then returned
home, asked a friend to hide the marihuana, and gave the officers permission to search her house. 
The officers kept pressing Roberts for information until she finally admitted she had some
marihuana, but said she was going to return it to the Hardemans. The next morning, Roberts
called the Sheriff's office, "laid [the marihuana] down on the sidewalk and stood out there by it
until [an officer] came and picked it up." This line of questioning occupied at least one-forth of
the questions asked Roberts on direct examination.
      The remainder of her testimony was virtually identical to her co-defendant's: she got involved
with marihuana in high school; she has young children and no one to care for them if she were to
go to jail; after her arrest she got involved in drug awareness programs in the community; she
learned her lesson and just wanted a chance. In fact, Shelley's testimony was longer that Roberts'. 
Shelley explained the process they went through to buy the "crack" in Dallas or Waco and how
and where they sold it in Marlin. Although Shelley admitted to smoking crack cocaine, Roberts
never admitted to using cocaine.
      Courts have found ineffective assistance when (1) counsel failed to object to the introduction
of inadmissible extraneous offenses, (2) counsel permitted and participated in the eliciting of
inadmissible and damaging hearsay; (3) counsel's actions allowed the introduction of extraneous
offenses. Strickland v. State, 747 S.W.2d 59, 60-61 (Tex. App.—Texarkana 1988), aff'd, 784
S.W.2d 549 (Tex. Crim. App. 1990); Baldwin v. State, 668 S.W.2d 762, 763-64 (Tex.
App.—Houston [14th Dist.] 1984, no pet.); Hutchinson v. State, 663 S.W.2d 610, 613 (Tex.
App.—Houston [1st Dist.] 1983, pet. ref'd). Roberts' trial counsel questioned her at length about
an inadmissible, extraneous, unadjudicated offense. We cannot conceive of a plausible trial
strategy that would involve this sort of questioning. See Burns, 601 S.W.2d at 372.
      Furthermore, the only explanation for Roberts being assessed twice the punishment as Shelley
is her lengthy testimony about agreeing to sell marihuana. Accordingly, we find that Roberts' trial
counsel ineffectively assisted her and that his actions were prejudicial because they probably
caused her to receive a more severe punishment that she would have otherwise. See Moore, 694
S.W.2d at 531. We sustain point one, reverse the portion of the judgment relating to punishment,
and remand that portion of the cause for a new punishment hearing. See Tex. Code Crim. Proc.
Ann. art. 44.29(b) (Vernon Supp. 1992).
 
                                                                                 BOB L. THOMAS
                                                                                 Chief Justice

Before Chief Justice Thomas,
          Justice Cummings, and
          Justice Vance
Reversed and remanded
Opinion delivered and filed June 17, 1992
Do not publish