PD-0870-15
COURT OF CRIMINAL APPEALS
AUSTIN, TEXAS
Transmitted 7/28/2015 9:48:55 AM
Accepted 7/29/2015 11:00:04 AM
ABEL ACOSTA
CLERK

**PD-0870-15**

IN THE TEXAS COURT OF CRIMINAL APPEALS

STEPHEN GLEN LIMBAUGH
*APPELLANT*

vs.

THE STATE OF TEXAS
*APPELLEE*

FROM THE FIFTH COURT OF APPEALS
CAUSE NO. 05-13-01437-CR

APPEAL FROM CRIMINAL DISTRICT COURT NO. 2 OF
DALLAS COUNTY, TEXAS, CAUSE NO. F12-21347-I

# APPELLANT'S PETITION FOR DISCRETIONARY REVIEW

BRUCE ANTON
State Bar No. 01274700
ba@sualaw.com

BRETT ORDIWAY
State Bar No. 24079086
bordiway@sualaw.com

SORRELS, UDASHEN & ANTON
2311 Cedar Springs, Suite 250
Dallas, Texas 75201
214-468-8100 (office)
214-468-8104 (fax)

*Counsel for Appellant*

FILED IN
COURT OF CRIMINAL APPEALS

July 29, 2015

ABEL ACOSTA, CLERK

## Ground for Review

Whether Limbaugh's trial counsel performed deficiently in failing to object to the repeated admission of prejudicial hearsay evidence.

# **Table of Contents**

Ground for Review ....................................................................................2

Index of Authorities ...............................................................................4

Identity of Parties and Counsel ...........................................................5

Statement Regarding Oral Argument ...................................................6

Statement of the Case and Procedural History.....................................7

Argument...............................................................................................9

    Limbaugh's trial counsel performed deficiently in failing to object to the repeated admission of prejudicial hearsay evidence.......................9

Prayer ..................................................................................................15

Certificate of Service............................................................................17

Certificate of Compliance ...................................................................17

Appendix...............................................................................................18

# Index of Authorities

Cases

*Andrews v. State*, 159 S.W.3d 98, 103 (Tex. Crim. App. 2005)...............14

*Baldwin v. State*, 668 S.W.2d 762, 764 (Tex. App. - Houston [14th Dist.] 1984, no pet.) ...................................................................................13

*Crockett v. McCotter*, 796 F.2d 787, 792 (5th Cir. 1986) ........................13

*Crotts v. Smith*, 73 F.3d 861 (9th Cir. 1986) ..........................................12

*Ex parte Lilly*, 656 S.W.2d 490 (Tex. Crim. App. 1983) ..........................12

*Gochicoa v. Johnson*, 118 F.3d 440, 447 (5th Cir. 1997)........................13

*Head v. State*, 4 S.W.3d 258, 261 (Tex. Crim. App. 1999) ........................9

*Limbaugh v. State*, No. 05-13-01437-CR, 2015 WL 3653350 (Tex. App.— Dallas 2015) ...................................................................................8, 11

*Lyons v. McCotter*, 770 F.2d 529 (5th Cir. 1985)...................................13

*Mares v. State*, 52 S.W.3d 886 (Tex. App.-San Antonio, pet. ref'd) ........14

*Mason v. Scully*, 16 F.3d 88 (2nd Cir. 2000)..........................................12

*Menefield v. State*, 363 S.W.3d 591, 592-93 (Tex. Crim. App. 2012)......11

*Moore v. Johnson*, 194 F.3d 586, 604 (5th Cir. 1999).............................14

*Proffitt v. Waldron*, 831 F.2d 1245, 1248 (5th Cir. 1987) .......................14

*Schaffer v. State*, 777 S.W.2d 111, 115 (Tex. Crim. App. 1989) .............10

*Strickland v. State*, 747 S.W.2d 59, 60-61 (Tex. App. - Texarkana 1988, no pet.) ..............................................................................................14

*United States v. Kissick*, 69 F.3d 1048, 1056 (6th Cir. 1995) .................12

*United States v. Williams*, 358 F.3d 956, 964-965 (D.C. Cir. 2004) .......13

*Westley v. Johnson*, 83 F.3d 714, 723 (5th Cir. 1996) ............................13

*Wiggins v. Smith*, 539 U.S. 510, 526 (2003) ..........................................13


Statutes

TEX. HEALTH & SAFETY CODE § 481.115..................................................7

TEX. PEN. CODE § 12.42(b)......................................................................7

TEX. PEN. CODE §30.02(c)(2)...................................................................7

## Identity of Parties and Counsel

For Appellant Stephen Glen Limbaugh:

> NELSON KNIGHT
>    *Trial counsel of record*
> KNIGHT LAW OFFICE
> 3102 Maple Ave. 4th Floor
> Dallas, TX 75201
>
> BRUCE ANTON
> BRETT ORDIWAY
>    *Appellate counsel of record*
> SORRELS, UDASHEN & ANTON
> 2311 Cedar Springs Suite 250
> Dallas, Texas 75201

For Appellee the State of Texas:

> RONTEAR FARMER
> FELICIA KERNEY
>    *Trial counsel of record*
> DALLAS COUNTY DISTRICT ATTORNEY'S OFFICE
> 133 N. Riverfront Boulevard
> Dallas, Texas 75207
>
> JOANNA H. KUBALAK
>    *Appellate counsel of record*
> DALLAS COUNTY DISTRICT ATTORNEY'S OFFICE

Trial Court:

> CRIMINAL DISTRICT COURT NO. 2 OF DALLAS COUNTY, TEXAS
> THE HONORABLE DON ADAMS PRESIDING

## Statement Regarding Oral Argument

Limbaugh waives oral argument.

## Statement of the Case and Procedural History

On the morning of November 13, 2012, Haley French called 9-1-1 and reported that Limbaugh "broken into [her] house and attacked" Amanda King, his child's mother. (RR3: 19, 21; SX1). When the police arrived, Limbaugh was gone, but King claimed that Limbaugh had knocked on, and then opened, the unlocked front door, and then proceeded to pull the her hair and shake her. (RR3: 53). The police located and apprehended Limbaugh soon thereafter. (RR3: 84-85).

Though only the women's testimony inculpated Limbaugh—there was no physical evidence of a burglary or assault, and Limbaugh confessed nothing—he was indicted for burglary of a habitation, enhanced by a previous conviction for possessing a controlled substance. (RR3: 68, 103; CR: 9); *see* TEX. PEN. CODE §§ 12.42(b) & 30.02(c)(2); TEX. HEALTH & SAFETY CODE § 481.115. After rejecting a plea-bargain offer of five years' imprisonment and pleading not guilty, Limbaugh's jury trial commenced with voir dire on October 7, 2013. (RR2: 7, 16). The guilt phase followed the next day, at the conclusion of which the jury found Limbaugh guilty. (RR3: 139). After a one-day sentencing hearing on

October 14, 2013, the court sentenced Limbaugh to 10-years' imprisonment. (RR4: 8). Limbaugh filed a notice of appeal that day. (CR: 60).

On appeal to the Fifth Court of Appeals, Limbaugh argued in one issue that he received ineffective assistance of counsel. *See Limbaugh v. State*, No. 05-13-01437-CR, 2015 WL 3653350 (Tex. App.—Dallas 2015). Because the record was "silent as to counsel's reasons for his actions," though, the court overruled Limbaugh's issue and affirmed his conviction. *Id.* at *3. No motion for rehearing was filed.

**Argument**

> Limbaugh's trial counsel performed deficiently in failing to object to the repeated admission of prejudicial hearsay evidence.

**I**

The only issue at Limbaugh's trial was whether he entered French's apartment with or without consent. (RR3: 71-74, 96-98). To prove the latter, the State repeatedly introduced evidence of, and referred to, a protective order that King allegedly served on Limbaugh the day prior to his arrest. (RR3: 41, 45, 84, 105, 133-135; SX1). No protective order was ever introduced as evidence, however, and, due to King's failure to testify, the witnesses through whom the evidence *was* elicited were uniformly ignorant as to whether any order actually existed. They had simply been told that such an order existed.

This was inadmissible hearsay—an out-of-court statement need not be directly quoted in order to run afoul of the hearsay rules. *Head v. State*, 4 S.W.3d 258, 261 (Tex. Crim. App. 1999). Indirect reference to the substance of a statement is still prohibited under Texas Rule of Evidence 801 if the indirect reference leaves a strong inference of the

9

substance of the statement with the jury. *Id.* at 262. These indirect references are improper if they lead to the inescapable conclusion that the testimony was offered solely to prove the substance of the out-of-court statement. *Schaffer v. State*, 777 S.W.2d 111, 115 (Tex. Crim. App. 1989). And counsel plainly sought to keep this hearsay out, as indicated by his objections to the 9-1-1 call in which the protective order is first referenced. (RR3: 7-8, 14). Yet, even though counsel objected to the hearsay, it was his own cross-examination that opened the door further to inadmissible hearsay. (RR3: 41).

Accordingly, on appeal to the Fifth Court of Appeals, Limbaugh argued that counsel's inability to accomplish his strategy constitutes a deficient performance. Limbaugh acknowledged that direct appeal is usually an "inadequate vehicle" for raising a claim of ineffective assistance of counsel. But where the challenged conduct was "so outrageous that no competent attorney would have engaged in it," an appellate court should nonetheless reverse on direct appeal. *Menefield v. State*, 363 S.W.3d 591, 592-93 (Tex. Crim. App. 2012). And this is just such a case.

The court of appeals disagreed. Pointing to the boilerplate, the court concluded that because Limbaugh "did not file a motion for new trial," and "[t]he record is therefore silent as to counsel's reasons for his actions," it "must presume counsel had a plausible reason for his actions and decisions." *Limbaugh v. State*, No. 05-13-01437-CR, 2015 WL 3653350, at *3 (Tex. App.—Dallas 2015) (citing *Johnson v. State*, 432 S.W.3d 552, 557 (Tex. App.—Texarkana 2014, pet. ref'd) (citing *Tong v. State*, 25 S.W.3d 707, 713–14 (Tex. Crim. App. 2000))). The court speculated that "counsel may have believed that the protective order had little bearing on the central issue in the case, which was whether appellant entered French's apartment without her effective consent." *Id.* Alternatively, "[c]ounsel may have also realized that the State did not need proof of motive to show an absence of consent." *Id.* Accordingly, the court determined "counsel's actions could have been strategically motivated, and without a record demonstrating otherwise, we cannot find that counsel's decision constituted deficient performance." *Id.*

## II

The court of appeals's resolution of the issue ignores the record. As

11

noted above, counsel plainly wished to prevent the admission of evidence of a protective order that King allegedly served on Limbaugh the day prior to his arrest. That's why he objected to the 9-1-1 call in which the protective order is first referenced. (RR3: 7-8, 14). This isn't a case where the court of appeals can't be certain what counsel wanted, then. It's a case where that much is plain, and equally so that counsel failed in his attempt to achieve it.

As to that circumstance, the trial attorney must have a firm command of the facts of the case as well as the governing law before he can render reasonably assistance. *Ex parte Lilly*, 656 S.W.2d 490 (Tex. Crim. App. 1983). The failure to properly challenge evidence is a solid demonstration of ineffectiveness. *United States v. Kissick*, 69 F.3d 1048, 1056 (6th Cir. 1995); *Mason v. Scully*, 16 F.3d 88 (2nd Cir. 2000). The failure to make a proper objection to inadmissible evidence i for relief. *Crotts v. Smith*, 73 F.3d 861 (9th Cir. 1986).

Courts across all jurisdictions have held that the failure to make proper evidentiary objections because of a misunderstanding or ignorance of the rules satisfies the first prong of the *Strickland* test.

*United States v. Williams*, 358 F.3d 956, 964-965 (D.C. Cir. 2004); *Gochicoa v. Johnson*, 118 F.3d 440, 447 (5th Cir. 1997); *Westley v. Johnson*, 83 F.3d 714, 723 (5th Cir. 1996); *Crockett v. McCotter*, 796 F.2d 787, 792 (5th Cir. 1986). No professional norms justify an inadequately researched objection. *See Wiggins v. Smith*, 539 U.S. 510, 526 (2003) (finding counsel's conduct unreasonable when it "resulted from inattention, not reasoned strategic judgment"). In *Baldwin v. State*, 668 S.W.2d 762, 764 (Tex. App. - Houston [14th Dist.] 1984, no pet.), the court found ineffective assistance of counsel when the attorney permitted the eliciting of inadmissible and incriminating hearsay. And in *Lyons v. McCotter*, 770 F.2d 529 (5th Cir. 1985), the court held that passing over admission of prejudicial and arguably inadmissible evidence may be a strategic decision by trial counsel, while passing over admission of prejudicial and clearly inadmissible evidence has no strategic value and may constitute ineffective assistance. Also, in *Strickland v. State*, 747 S.W.2d 59, 60-61 (Tex. App. - Texarkana 1988, no pet.), the court found ineffective assistance for counsel's failure to object to four inadmissible extraneous offenses. *See also Mares v. State*,

13

52 S.W.3d 886 (Tex. App.-San Antonio, pet. ref'd) (holding failure to make objection in this case cannot be considered reasonable trial strategy); *Moore v. Johnson*, 194 F.3d 586, 604 (5th Cir. 1999); *Proffitt v. Waldron*, 831 F.2d 1245, 1248 (5th Cir. 1987) (holding tactical decisions that give no advantage to a defendant are not reasonable and court will not engage in presumption of reasonableness under these circumstances). Therefore, if counsel intended to object, but failed to do so because of the lack of awareness of the legal requirements for a proper objection or proffer, he performed deficiently. The court of appeals was wrong to conclude otherwise.

Moreover, even if counsel *did* determine that the evidence wasn't worth excluding, he was absolutely wrong. And just as "[t]here can be no reasonable trial strategy in failing to correct [a] false impression that was harmful," nor can there be any reasonable strategy in failing to object to inadmissible evidence that was harmful. *Andrews v. State*, 159 S.W.3d 98, 103 (Tex. Crim. App. 2005). Counsel's failure allowed the prosecution to establish, entirely through hearsay, that Limbaugh had violated a protective order. (RR3: 134). This gave the State a motive for

14

Limbaugh to come to King's location and confront her. In the absence of motive, Limbaugh's entry into the apartment uninvited is more difficult to prove. Indeed, the State argued as much at closing:

> And how do you know that? Because you have the in-car. And in that in-car, you have his mother saying that she heard him on the phone, and he was talking to someone. And he said, you have a VPO? Do what you've got to do.
>
> So Stephen Limbaugh went over to Amanda King's house, or Haley French's house where Amanda King was staying, knowing there was a VPO, a violation of a protective order. And he went over there because she was not answering his calls, and he felt entitled to see his son, even though he had no right to be there.

(RR3: 133-134). Accordingly, regardless of whether counsel failed to exclude the evidence as he'd hoped, or just didn't care if it came in, he performed deficiently. The court of appeals was wrong to conclude otherwise.

## Prayer

Accordingly, Limbaugh respectfully requests this Court to grant this petition so that it may reverse the court of appeals's judgment and remand this case to that court to consider whether counsel's failure was prejudicial.

15

Respectfully submitted,


_____/s/ Bruce Anton_____

BRUCE ANTON
Bar Card No. 01274700
ba@sualaw.com


_____/s/ Brett Ordiway_____

BRETT ORDIWAY
Bar Card No. 24079086
bordiway@sualaw.com

SORRELS, UDASHEN & ANTON
2311 Cedar Springs Road
Suite 250
Dallas, Texas 75201
(214)-468-8100 (office)
(214)-468-8104 (fax)

Attorneys for Appellant

16

## Certificate of Service

I, the undersigned, hereby certify that a true and correct copy of the foregoing Appellant's Petition for Discretionary Review was electronically served to the Dallas County District Attorney's Office and State Prosecuting Attorney on July 28, 2015.


/s/ Bruce Anton
Bruce Anton


## Certificate of Compliance

Pursuant to TEX. R. APP. P. 9.4(i)(3), undersigned counsel certifies that this brief complies with:

1. the type-volume limitation of TEX. R. APP. P. 9.4(i)(2)(D) because this brief contains 1,349 words, excluding the parts of the brief exempted by TEX. R. APP. P. 9.4(i)(1).

2. the typeface requirements of TEX. R. APP. P. 9.4(e) and the type style requirements of TEX. R. APP. P. 9.4(e) because this brief has been prepared in a proportionally spaced typeface using Microsoft Word 2011 in 14-point Century Schoolbook.


/s/ Bruce Anton
Bruce Anton


17

# **<u>Appendix</u>**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

## No. 05-13-01437-CR

### STEPHEN GLEN LIMBAUGH, Appellant
### V.
### THE STATE OF TEXAS, Appellee

On Appeal from the Criminal District Court No. 2
Dallas County, Texas
Trial Court Cause No. F12-21347-I

## MEMORANDUM OPINION

Before Chief Justice Wright, Justice Myers, and Justice Evans
Opinion by Justice Myers

Appellant Stephen Glen Limbaugh was indicted for burglary of a habitation enhanced by a previous conviction for possession of a controlled substance. *See* TEX. PENAL CODE ANN. § 12.42(b); 30.02(c)(2). He pleaded not guilty, and the case was tried before a jury, which convicted appellant of the offense. After accepting appellant's plea of true to the enhancement paragraph and finding it true, the trial court assessed appellant's punishment at ten years in prison. In one issue, appellant contends he received ineffective assistance of counsel. We affirm.

### BACKGROUND

The evidence showed that Amanda King was appellant's former girlfriend and the mother of his child. On the morning of November 13, 2012, King was at her friend Haley French's apartment, where she had spent the night. French testified that appellant had made numerous,

unanswered calls to the women's cell phones throughout the night. That morning, as they were getting ready for work, the women heard a loud knocking on the front door. The door, which was unlocked, then flew open, and appellant entered the apartment. Disregarding the women's repeated demands to leave, appellant approached King, who was holding the child in her arms. King attempted to call 911, but appellant grabbed her by her hair, pulled her to the floor, and snatched the phone from her hand. King managed to get up and run out of the apartment with appellant following closely behind. French, meanwhile, called 911. King returned to the apartment moments later and spoke to the 911 dispatcher.

Duncanville Police Officer Brent Hand saw appellant driving away from the area of French's apartment complex and pursued him with overhead lights activated to his mother's house. Appellant attempted to go inside the house, but his mother refused to let him in. Officer Hand placed appellant under arrest. Neither appellant nor King testified at trial.

**DISCUSSION**

In his issue, appellant argues that his trial counsel was ineffective because he did not object "to the repeated admission of hearsay evidence" that King filed a protective order against appellant on the day before his arrest.

Prior to the start of testimony, the trial court held a hearing outside the presence of the jury on the admissibility of French's 911 call. Defense counsel objected to the portion of the call in which King spoke to the dispatcher, arguing King's statements were inadmissible hearsay since she was not present to testify. The trial court overruled the objection. The 911 call was played for the jury, over defense counsel's renewed objection, during the State's direct examination of French. During the 911 call, French told the dispatcher, referring to King and appellant, that "she went and filed a protective order against him yesterday."

The issue of the protective order arose on several occasions during the trial. During his

–2–

cross-examination, defense counsel questioned French about her knowledge of the protective order:

> Q. Okay. And you-all filed a protective order that—or she did, the day before?
>
> A. I wasn't there when she filed it, but I was told she filed one.
>
> Q. Told by her?
>
> A. Yes, sir.
>
> Q. Okay. And that was on the day before this happened?
>
> A. Yes, sir.
>
> Q. So according to you, there was a—there was a valid in-force protective order when this happened?
>
> A. As far as I was told.
>
> Q. By [King]?
>
> A. Yes. Yeah.

French also testified that, the day after the burglary, the police "serve[d] a protective order against [appellant] on [her] premises."

The next mention of the protective order occurred during Officer Hand's testimony. During direct examination, the prosecutor asked Officer Hand what offense he was arresting appellant for when he took appellant into custody at his mother's house:

> Q. Okay. What was—what did you believe you were arresting him for at that time? Or what had you decided to arrest him for at that time?
>
> A. The violation of [a] protective order is what I was—is what had come over the radio at that point.
>
> Q. Okay.
>
> A. And then as I was getting information from the victim—well, not from the victim, but from the other officer stating that it was possibly a burglary. So at that point, that was what it was.
>
> Q. Okay.
>
> A. And he also had, you know, a suspended license.

–3–

Q. Okay.

A. And he was operating a vehicle on a suspended license.

The prosecutor revisited the subject of the protective order while questioning the officer, on redirect examination, about the facts that gave him probable cause to arrest appellant:

Q. And then you also have the defendant—a violation of a protective order or a VPO out there; is that correct?

A. Yes, ma'am.

Q. And you have the defendant's mom, or who we believe to be his mom, on the tape saying that the defendant said, do what [you] got to do, in reference to a VPO; is that correct?[1]

A. That's correct.

To be entitled to a new trial based on the ineffective assistance of counsel, appellant must show by a preponderance of the evidence that counsel's performance was deficient and that the deficiency prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984); *Ex parte Lane*, 303 S.W.3d 702, 707 (Tex. Crim. App. 2009). The first prong requires the appellant to show counsel's performance fell below an objective standard of reasonableness under prevailing professional norms. *Strickland*, 466 U.S. 687–88; *Lane*, 303 S.W.3d at 707. The second prong requires the appellant to show there is a reasonable probability that, but for his counsel's errors, the result of the proceeding would have been different. *Strickland*, 466 U.S. at 687, 694; *Lane*, 303 S.W.3d at 707. An appellant's failure to satisfy one prong negates a court's need to consider the other prong. *Strickland*, 466 U.S. at 697; *Williams v. State*, 301 S.W.3d 675, 687 (Tex. Crim. App. 2009).

In determining whether an appellant has met his burden, we consider the totality of representation and the particular circumstances of each case. *Lane*, 303 S.W.3d at 707. We

---

[1] Counsel is presumably referring to the video from Hand's in-car video camera, which was admitted into evidence. In that video, appellant's mother can be heard (although not seen) talking to Officer Hand after he placed appellant under arrest and put him in the back of the patrol car.

strongly presume counsel's conduct fell within the wide range of reasonable professional assistance, and we do not judge counsel's actions in hindsight. *Strickland*, 466 U.S. at 689; *Thompson v. State*, 9 S.W.3d 808, 813 (Tex. Crim. App. 1999). The fact that another attorney might have pursued a different strategy at trial is not sufficient to prove counsel was ineffective. *Scheanette v. State*, 144 S.W.3d 503, 509 (Tex. Crim. App. 2004). "[U]nless there is a record sufficient to demonstrate that counsel's conduct was not the product of strategic or tactical decision, a reviewing court should presume that trial counsel's performance was constitutionally adequate 'unless the challenged conduct was so outrageous that no competent attorney would have engaged in it.'" *State v. Morales*, 253 S.W.3d 686, 696–97 (Tex. Crim. App. 2008) (quoting *Goodspeed v. State*, 187 S.W.3d 390, 392 (Tex. Crim. App. 2005)).

When there is no proper evidentiary hearing on a motion for new trial, it is extremely difficult to show counsel's performance was deficient. *See Bone v. State*, 77 S.W.3d 828, 833 (Tex. Crim. App. 2002). The court of criminal appeals has stated that it should be a rare case in which an appellate court finds ineffective assistance on a record that is silent as to counsel's trial strategy. *See Andrews v. State*, 159 S.W.3d 98, 103 (Tex. Crim. App. 2005). Faced with a silent record, we "should not find deficient performance unless the challenged conduct was 'so outrageous that no competent attorney would have engaged in it.'" *Goodspeed*, 187 S.W.3d at 392 (quoting *Garcia v. State*, 57 S.W.3d 436, 440 (Tex. Crim. App. 2001)). We do not speculate on what counsel's strategy may have been with regard to the alleged error. *Scott v. State*, 392 S.W.3d 684, 687 (Tex. App.—Dallas 2010, no pet.).

In this case, appellant acknowledges his trial counsel's hearsay objections to the 911 call, but faults counsel for opening the door further to "inadmissible hearsay" regarding the protective order during his cross-examination of French. Appellant argues the protective order provided the State with the motive for appellant to come to King's location and confront her, and that in the

absence of such evidence, appellant's uninvited entry into the apartment was "more problematic."

Appellant, however, did not file a motion for new trial. The record is therefore silent as to counsel's reasons for his actions. In the face of a silent record, we must presume counsel had a plausible reason for his actions and decisions. *See Johnson v. State*, 432 S.W.3d 552, 557 (Tex. App.—Texarkana 2014, pet. ref'd) (citing *Tong v. State*, 25 S.W.3d 707, 713–14 (Tex. Crim. App. 2000)). Trial counsel may have believed that the protective order had little bearing on the central issue in the case, which was whether appellant entered French's apartment without her effective consent. Counsel may have also realized that the State did not need proof of motive to show an absence of consent. Although French could not say whether appellant opened the door himself or the door opened on its own, she testified unequivocally that she did not give appellant consent to enter her apartment, and that she told him to leave. French's testimony alone was sufficient to establish the absence of effective consent. *See Ellett v. State*, 607 S.W.2d 545, 550 (Tex. Crim. App. 1980) (building owner's testimony that he had not given defendant permission to enter building sufficient to establish absence of effective consent for purposes of proving commission of burglary, even if door was open at time defendant entered building); *Lagunas v. State*, 187 S.W.3d 503, 521 (Tex. App.—Austin 2005, pet. ref'd) (court found legally sufficient evidence, based on testimony at trial, to support inference that appellant did not have permission or effective consent to enter the house); *Simmons v. State*, No. 07–07–0282–CR, 2009 WL 2341921, at *4 (Tex. App.—Amarillo July 30, 2009, pet. ref'd) (mem. op., not designated for publication) (apartment owner's testimony that Simmons lacked permission to enter apartment was sufficient to support the absence of effective consent); *Hardy v. State*, No. 05–06–00549–CR, 2007 WL 1585741, *2 (Tex. App.—Dallas June 4, 2007, pet. ref'd) (mem. op., not designated for publication) (finding evidence factually sufficient to support burglary

conviction when owner of the house testified that she did not invite appellant into her house on the day of the incident). Thus, counsel's actions could have been strategically motivated, and without a record demonstrating otherwise, we cannot find that counsel's decision constituted deficient performance. *Cf. Alberts v. State*, 302 S.W.3d 495, 506 n. 7 (Tex. App.—Texarkana 2009, no pet.) (concluding that counsel's decision to withhold objection to testimony concerning victim's truthfulness may have been a tactical decision to avoid calling jury's attention to objectionable testimony).

Accordingly, we conclude that appellant has not rebutted the presumption that counsel's conduct fell within the range of reasonable professional assistance. *See Lopez v. State*, 343 S.W.3d 137, 143–44 (Tex. Crim. App. 2011); *Thompson*, 9 S.W.3d at 814. We overrule appellant's issue.

We affirm the trial court's judgment.


/ Lana Myers/
LANA MYERS
JUSTICE


Do Not Publish
TEX. R. APP. P. 47
131437F.U05



# Court of Appeals
# Fifth District of Texas at Dallas
## JUDGMENT

STEPHEN GLEN LIMBAUGH, Appellant

No. 05-13-01437-CR  V.

THE STATE OF TEXAS, Appellee

On Appeal from the Criminal District Court No. 2, Dallas County, Texas
Trial Court Cause No. F12-21347-I.
Opinion delivered by Justice Myers. Chief Justice Wright and Justice Evans participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered this 12th day of June, 2015.