**Steven Ray CANIDA, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 349–92.

Court of Criminal Appeals of Texas, En Banc.

Dec. 2, 1992.

Barney Sawyer, Paris, for appellant.

Tom Wells, Dist. Atty., Paris, Robert Huttash, State's Atty., Austin, for the State.

## OPINION ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW

PER CURIAM.

A jury convicted Appellant of delivery of marihuana in an amount less than five pounds and more than four ounces. After finding the enhancement allegation to be true, the jury assessed punishment at confinement for fifty years. The conviction was affirmed. *Canida v. State*, 823 S.W.2d 382 (Tex.App.—Texarkana 1992). We granted Appellant's petition to address his contention that under this Court's opinion in *Cole v. State*, 839 S.W.2d 798 (Tex. Cr.App.1990), which was pending on rehearing, the Court of Appeals erred in upholding the trial court's decision to permit the State's expert to testify about test results obtained by another chemist.

Juan Ortiz, a chemist for the Department of Public Safety (DPS), testified that he was the custodian of records made by another chemist who had tested the marihuana in the instant case. Appellant objected to Ortiz' testimony and introduction of records of the test results, claiming such testimony and records were hearsay because they were based upon the records of another chemist who did the analysis. Appellant objected again on the same basis when Ortiz testified to the results of the other chemist's tests and when the State introduced the marihuana. The records themselves were not offered or introduced into evidence. The trial court overruled the objections.

The Court of Appeals held that under Tex.R.Crim.Evid. 803(6) an expert may testify about test results obtained by another chemist, indicating that the records of those test results were also admissible. *Canida*, 823 S.W.2d at 383. The court declined to follow *Cole* because it was pending on rehearing and, therefore, was not binding and was not part of the jurisprudence of the State. *Id.* at 383–384, fn. 2.

In *Cole v. State*, 839 S.W.2d 798 (Tex.Cr. App.1992) (opinion on rehearing) we reaffirmed and explained our original holding that reports concerning chemical tests performed by a DPS chemist who did not testify were not admissible under Tex. R.Crim.Evid. 803(8)(B) because the reports were "matters observed" by "other law enforcement personnel." We also reaffirmed that documents which were not admissible under Rule 803(8)(B) may not be admitted under Rule 803(6). This Court stated that Tex.R.Crim.Evid. 803(6) cannot be used as a "back door" when evidence is inadmissible under Rule 803(8)(B).

We find the Court of Appeals in the instant case did not have the benefit of our opinion on rehearing in *Cole*. The judgment of the Court of Appeals is therefore reversed and this cause is remanded to that court for an analysis consistent with our opinions in *Cole*.

WHITE, J., concurs in the result.

MALONEY, J., adhering to the views expressed in his concurring opinion on rehearing in *Cole*, concurs in the result.