Barney Sawyer, Paris, for appellant.

Tom Wells, Dist. Atty. of Lamar County, Paris, for appellee.

Before CORNELIUS, C.J., and BLEIL and GRANT, JJ.

OPINION

BLEIL, Justice.

This case is now before us on remand from the court of criminal appeals. Previously, we affirmed the conviction, holding, among other things, that a Department of Public Safety chemist could testify from laboratory records that another chemist had tested a substance delivered to the DPS laboratory and found it to be marihuana. *Canida v. State*, 823 S.W.2d 382, 383 (Tex.App.–Texarkana 1992). After our decision, the court of criminal appeals finally decided that a chemist's report, like the one in this case, is barred from admissibility under TEX.R.CRIM.EVID. 803(8)(B) because it contains matters observed by law enforce-

**Steven Ray CANIDA, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 6–90–115–CR.**

Court of Appeals of Texas,
Texarkana.

March 3, 1993.

---

ment personnel. *Cole v. State,* 839 S.W.2d 798, 806 (Tex.Crim.App.1990).[1] Furthermore, it was held that the reports should not be allowed in evidence under TEX. R.CRIM.EVID. 803(6) as a business record. *Cole v. State,* 839 S.W.2d at 806.

This appeal was remanded to us for our consideration in light of the opinion in *Cole. Canida v. State,* 842 S.W.2d 293 (Tex.Crim. App.1992). Under *Cole,* we erred in holding that the laboratory report showing the substance to be marihuana was admissible. Under *Cole,* chemist Juan Ortiz should not have been allowed to testify based on records that the substance was marihuana. Thus, the trial court erred in admitting the testimony. We now turn to whether this error requires reversal.

When we find error in the proceedings of the court below, the error is reversible unless we determine beyond a reasonable doubt that the error made no contribution to the conviction or to the punishment. *Harris v. State,* 790 S.W.2d 568, 584 (Tex. Crim.App.1989); TEX.R.APP.P. 81(b)(2). At trial, evidence that the substance in question was marihuana was unchallenged. Other than the chemist's testimony, two different witnesses testified without objection that the substance that Canida delivered was definitely marihuana. No evidence tended to show that the substance was not marihuana. Under these circumstances, we hold that, beyond a reasonable doubt, the error in allowing Ortiz to testify based on laboratory records that the examined substance was marihuana made no contribution to the conviction or to the punishment.

Thus, upon reconsideration of this appeal, we affirm the judgment of conviction.

**1.** Although this is a 1990 decision, the decision was not final until the opinion on motion for rehearing was issued in October of 1992. *Cole v. State,* 839 S.W.2d 798 (Tex.Crim.App.1990).