Court of Appeals
Fourth Court of Appeals District of Texas
San Antonio




## MEMORANDUM OPINION

No. 04-09-00422-CR

Javier **CARRERA**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 406th Judicial District Court, Webb County, Texas
Trial Court No. 2008-CRS-000107
Honorable Oscar J. Hale, Jr., Judge Presiding

Opinion by:  Catherine Stone, Chief Justice

Sitting:  Catherine Stone, Chief Justice
Karen Angelini, Justice
Marialyn Barnard, Justice

Delivered and Filed: July 7, 2010

AFFIRMED

Javier Carrera was convicted by a jury of two counts of aggravated sexual assault and three counts of indecency with a child by sexual contact.  On appeal, Carrera contends the trial court erred in denying his motion for new trial because: (1) he received ineffective assistance of counsel; and (2) the State failed to disclose potentially exculpatory evidence regarding a rebuttal witness.  We affirm the trial court's judgment.

**INEFFECTIVE ASSISTANCE OF COUNSEL**

In his first issue, Carrera contends that he received ineffective assistance of counsel because trial counsel was not adequately prepared for trial.  To succeed on an ineffective-assistance claim, the defendant must show that: (1) counsel's performance was deficient; and (2) the deficient performance prejudiced the defense.  *Strickland v. Washington*, 466 U.S. 668, 687 (1984); *Garza v. State*, 213 S.W.3d 338, 347 (Tex. Crim. App. 2007).  To show deficient performance, the defendant must prove by a preponderance of the evidence that his counsel's representation fell below the standard of professional norms.  *Garza*, 213 S.W.3d at 347-48.  Appellate review of trial counsel's representation is highly deferential and presumes that counsel's actions fell within the wide range of reasonable and professional assistance.  *Id*. at 348.  To demonstrate prejudice, the defendant must show a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.  *Id*.  Although Carrera's trial counsel was retained, no distinction exists between the standards of effectiveness for retained counsel and appointed counsel.  *Ex parte Briggs*, 187 S.W.3d 458, 469 (Tex. Crim. App. 2005).

Carrera presented his ineffective assistance claim to the trial court in a motion for new trial, and the trial court denied the motion for new trial after a hearing.  We therefore analyze Carrera's ineffective assistance claim as a challenge to the denial of his motion for new trial.  *Charles v. State*, 146 S.W.3d 204, 208 (Tex. Crim. App. 2004), *superseded by rule on other grounds*, *State v. Herndon*, 215 S.W.3d 901 (Tex. Crim. App. 2007); *Shanklin v. State*, 190 S.W.3d 154, 158 (Tex. App.—Houston [1st Dist.] 2005), *pet. dism'd*, 211 S.W.3d 315 (Tex. Crim. App. 2007).  In such circumstances, we review the *Strickland* standard through an abuse of discretion standard, and we reverse only if the trial court's decision is arbitrary or unreasonable,

viewing the evidence in the light most favorable to the ruling. *Shanklin*, 190 S.W.3d at 158-59. A trial court abuses its discretion in denying a motion for new trial only when no reasonable view of the record could support the trial court's ruling. *Charles*, 146 S.W.3d at 208.

Carrera contends that trial counsel was ineffective because he was inadequately prepared for trial. Although a hearing was held on Carrera's motion for new trial, trial counsel was not called as a witness to testify. To defeat the presumption of reasonable and professional assistance, the "record must affirmatively demonstrate [any] alleged ineffectiveness." *Bone v. State*, 77 S.W.3d 828, 835 (Tex. Crim. App. 2002). Moreover, "trial counsel should ordinarily be afforded an opportunity to explain his actions before being denounced as ineffective." *Rylander v. State*, 101 S.W.3d 107, 111 (Tex. Crim. App. 2003).

Although trial counsel did not testify at the motion for new trial hearing, the record does reflect that trial counsel twice moved to withdraw from representing Carrera because Carrera had failed to meet with him to prepare for trial. At the final pre-trial hearing when the request to withdraw was initially made, the trial court discussed revoking Carrera's bond thereby ensuring his availability to meet with trial counsel. The trial court admonished Carrera that he needed to make himself available to assist in preparing his defense. The prosecutor noted that trial counsel had visited his office on numerous occasions to review the file. The prosecutor stated that he would arrange for Carrera to view the video tape of the victim's interview with trial counsel if the trial court revoked Carrera's bond and returned him to jail. At the end of the hearing, trial counsel was instructed to call and inform the court if Carrera did not cooperate, and his bond would be revoked. After that hearing, Carrera accompanied trial counsel to his office, and Carrera took with him documents trial counsel had obtained from the prosecutor's file and the video tape of the victim's interview. Trial counsel instructed Carrera that they needed to further

discuss the case after Carrera had reviewed everything. When Carrera did not return to discuss his case or return the documents or video tape, his bond was revoked. On the day of trial, trial counsel again moved to withdraw based on his strained relationship with Carrera. Trial counsel stated that he had visited with Carrera in jail the day before and commented, "And in my conversation with him, all the evils that are now befalling upon him are my responsibility, because I didn't do whatever I was supposed to do, and I don't know what else I could have done." In response to the trial court's question regarding whether trial counsel needed assistance with the case, trial counsel responded that he did because of the strained relationship. The trial court ultimately appointed a public defender to assist trial counsel; however, the trial court stated the appointment was being made because of the strained relationship between trial counsel and Carrera, not because trial counsel was unprepared. Although trial counsel had a duty to be reasonably effective, Carrera also had a duty to "forego that which impedes counsel's ability to reasonably perform." *Rodriguez v. State*, 74 S.W.3d 563, 569 (Tex. App.—Amarillo 2002, pet. ref'd); *see also Strickland v. State*, 747 S.W.2d 59, 61 (Tex. App.—Texarkana 1988, pet. ref'd) (Grant, J. concurring) ("defendant should not be allowed to support his ineffective-assistance-of-counsel contention with ineffectiveness brought about by his failure to cooperate with his attorney").

Moreover, having reviewed the record as a whole, we conclude the presumption of reasonable and professional assistance has not been rebutted considering the totality of the representation. Before voir dire, trial counsel requested that Carrera be permitted to call his family and obtain clothes so that he would not appear in court in jail clothes. Trial counsel made objections during voir dire and actively participated in the process to ensure that the jurors were not biased and could follow the law. Trial counsel even advocated that Carrera be released on

bond during trial so that he could assist in the defense and agreed to sign the bond for Carrera. Trial counsel requested a complete hearing on the admissibility of outcry witness testimony and objected to the trial court's ruling. From opening statement and throughout the examination of all of the witnesses at trial, trial counsel consistently sought to establish fabrication as a defense to the allegations. Trial counsel focused on evidence that the victim's father had continually asked her if she was being touched to suggest that the allegations were fabricated. The physician who examined the victim testified that the victim's mother informed him that the victim's father was constantly questioning the victim about being touched. In addition, trial counsel elicited evidence that the investigating officer failed to further investigate the mother's statement. Trial counsel also attempted to reveal a basis for the victim's knowledge of sexual acts by eliciting testimony that the victim's mother would discuss intimate sexual details in front of the victim. Furthermore, trial counsel extensively challenged the qualifications of two expert witnesses and elicited testimony from the victim's father that he and Carrera had an argument a few months before the victim made her outcry.

Based on the record presented, Carrera failed to rebut the presumption of effective assistance. Accordingly, the trial court did not abuse its discretion in denying Carrera's motion for new trial as to the ineffective assistance complaint.

### EXCULPATORY EVIDENCE

In his second issue, Carrera contends that the trial court erred in denying his motion for new trial because the State failed to disclose potentially exculpatory evidence regarding a

rebuttal witness, depriving Carrera of a fair trial in violation of his due process rights.[1] To find reversible error based on the State's failure to disclose exculpatory evidence, a defendant must show: (1) the State failed to disclose evidence, regardless of the prosecution's good or bad faith; (2) the withheld evidence is favorable to him; and (3) the evidence is material, that is, there is a reasonable probability that had the evidence been disclosed, the outcome of the trial would have been different. *Hampton v. State*, 86 S.W.3d 603, 612 (Tex. Crim. App. 2002). Thus, "the defendant bears the burden of showing that, in light of all the evidence, it is reasonably probable that the outcome of the trial would have been different had the prosecutor made a timely disclosure." *Id*. A mere possibility that undisclosed information might have helped the defense does not establish "materiality" in the constitutional sense. *Id.*

In this case, the rebuttal witness in question testified that Carrera also had sexually abused her as a child. Evidence was elicited during trial that the rebuttal witness in question was in jail on theft charges. At the motion for new trial hearing, the rebuttal witness's husband testified that he met with one of the prosecutors before trial and informed the prosecutor that the rebuttal witness was a drug addict and had previously made false accusations of sexual abuse against him and his two brothers.

Even if we assume this evidence would have been favorable to Carrera, Carrera failed to show that the outcome of the trial could have been different had the evidence been disclosed. *See id*. In addition to the victim's testimony regarding the sexual abuse, the evidence during trial revealed that Carrera was inconsistent with the information he provided during the investigation.

---

[1] We note that Carrera raised only his ineffective assistance of counsel complaint in his original motion for new trial which was timely filed within thirty days of the date the trial court imposed sentence. *See* TEX. R. APP. P. 21.4(a). The complaint regarding the exculpatory evidence was raised only in Carrera's untimely filed amended motion for new trial. *See* TEX. R. APP. P. 21.4(b). Because the State did not object to the timeliness of the amended motion for new trial, however, the trial court was permitted to consider the exculpatory evidence complaint, and the reporter's record of the hearing establishes that the complaint was argued and considered by the trial court. *See State v. Moore*, 225 S.W.3d 556, 570 (Tex. Crim. App. 2007).

He told a CPS worker that he was never alone with the victim; however, he told the investigating officer that he would take care of the victim and her siblings when the victim's mother was working. In addition, the jury heard evidence that Carrera was sweating, nervous, shaking, and started to cry during the interview by the CPS worker. Finally, a second rebuttal witness testified that Carrera, who was her stepfather at one time, also had sexually abused her as a child. Accordingly, considering the record as a whole, we conclude that the trial court did not abuse its discretion in denying the motion for new trial since the undisclosed evidence in question was not material.

## CONCLUSION

The trial court's judgment is affirmed.

Catherine Stone, Chief Justice

DO NOT PUBLISH